**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO. 10-MJ-00215-01 (DAR) |
| v. | : |
| | : |
| | : |
| SCOTT J. BLOCH | : |
| | : |
| **Defendant.** | : |

**MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of sentencing in the above-referenced matter. In support of this memorandum, the government hereby submits the following points and authorities as well as any additional points and authorities that might be cited at a hearing on the motion.

**Procedural and Factual Background**

A.    **Guilty Plea**

On April 27, 2010, the defendant Scott J. Bloch pled guilty before this Court to Criminal Contempt of Congress, in violation of 2 U.S.C. § 192. This guilty plea was part of a plea agreement that the defendant entered into with the government. In this plea agreement, the parties agreed, among other things, that the advisory sentencing range under the U.S. Sentencing Guidelines ("USSG") recommended a sentence of 0 to 6 months incarceration and a fine in the range of $250 to $5,000. The parties further agreed that a sentence within these stipulated ranges constituted a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a).

B. **Statement of Offense**

As part of the plea, the defendant also adopted and signed a Statement of Offense as a written proffer of evidence. In this document, the defendant agreed to, among other things, the following facts:

### Background of the Defendant and the Office of Special Counsel

- The United States Office of Special Counsel ("OSC") is an independent federal agency charged with safeguarding the merit-based employment system by protecting federal employees and applicants from prohibited personnel practices ("PPP"). As such, OSC receives, investigates, and prosecutes allegations of PPPs, with an emphasis on protecting federal government whistleblowers.

- OSC is headed by a presidential appointee whose title is "Special Counsel." Pursuant to federal statute, 5 U.S.C. § 1211(b), the Special Counsel is appointed by the President, with advice and consent of the Senate, for a term of five years. On January 5, 2004, Bloch began working as Special Counsel.

### Defendant's Discussions Regarding a "Seven Pass" or "Seven Level" Wipe

- Prior to November 6, 2006, Bloch and an individual discussed, among other things, certain computer problems that each of them had experienced. In these discussions, the individual informed Bloch that the individual had previously used an entity named "Geeks On Call" to successfully fix his own computer using, among other things, a "seven-level wipe."

- On or about November 6, 2006, Bloch discussed with colleagues at the OSC a computer procedure known as a "seven-pass" or "seven-level" wipe in relation to the OSC being able to obtain archived documents or emails. During these discussions, Bloch said he was aware that a search of an individual's computer should be able to recover deleted emails and other deleted files unless a "seven-pass" or "seven-level" wipe was performed on that individual's computer.

- Therefore, by and before November 6, 2006, Bloch had an understanding that if a "seven-pass" or "seven-level" wipe was performed on a computer, then it would be virtually impossible for anyone to recover deleted files or emails ever again from that computer.

### Bloch Orders that a seven-level wipe be performed on four OSC computers

- On or about December 11, 2006, Bloch directed a member of his senior staff to contact Geeks On Call to perform a seven-level wipe of his two OSC computers.

- On the morning of December 18, 2006, a Geeks On Call technician arrived at OSC's office in the District of Columbia. Bloch was not present, and a senior staff member called Bloch to inquire what Bloch wanted the technician to do while he waited for Bloch to arrive to have his computer serviced. Bloch instructed this senior staff member to direct the technician to perform a "seven-level wipe" on the C: drives (or "local" hard drives,) of the OSC computers assigned to two former non-career appointees in the immediate office of the Special Counsel. The technician performed these wipes as instructed.

- The Geeks On Call technician then returned to the OSC office later during the afternoon of December 18, 2006. Upon his return that afternoon, the technician was instructed by Bloch to perform a "seven-level wipe" on two additional OSC-issued laptop computers, each of which was assigned to Bloch. The technician then performed the wipes as instructed.[1]

### The Wall Street Journal Article

- On November 28, 2007, the Wall Street Journal published an article entitled, *"Head of Rove Inquiry in Hot Seat Himself, Bloch Used Private Company, Geeks On Call, to Delete Files On His Office Computer."* This article, among other things, reported that in December of 2006, Bloch directed the deletion of certain files contained on his OSC-issued computer as well as the computers of two of his

---

[1] During his April 27, 2010 plea hearing, Mr. Bloch made one small qualification to the facts set forth in this paragraph in the Statement of Offense. Mr. Bloch statd that while he had no independent memory of instructing the technician to perform these two additional seven-level wipes during the afternoon of December 18, 2006, he agreed that the government had sufficient evidence to prove this fact beyond a reasonable doubt if this case were to go to trial. To this point, the government put on the record its evidence regarding this paragraph, including, the expected testimony of two independent witnesses, invoices from Geeks On Call, and contemporaneous emails. Bloch and his counsel agreed that they had an opportunity to carefully review and consider this evidence and agreed that despite Mr. Bloch's purported inability to recall these particular facts, the government had sufficient proof on this point. In any event, and as stated by the government at the April 27, 2010 plea hearing, the facts asserted in this particular paragraph (*i.e.* that Bloch instructed two additional computer wipes during the afternoon of December 18, 2006), do not materially or directly affect any of the five exchanges at the March 4, 2008 hearing at which he agreed he unlawfully and willfully withheld pertinent information from the House Oversight Committee.

  top political aides by enlisting Geeks On Call to perform a "seven-level wipe" on these computers.

### Congress Investigates Bloch's Hiring of Geeks On Call

- By letter dated December 6, 2007, the Chairman and Ranking Minority Member of the United States House of Representatives Committee on Oversight and Government Reform ("House Oversight Committee"), wrote to defendant Bloch regarding the media reports that Bloch had authorized "seven-level wipes" of OSC computers issued to Bloch and certain of his senior staff.

- This letter concluded by asking that Bloch agree to participate in a transcribed interview regarding his reported use of Geeks On Call in December of 2006. The House Oversight Committee was duly empowered to conduct the investigation and the inquiry concerning Bloch's use of Geeks On Call to conduct "seven level wipes" on OSC computers.

### Committee Staff Interview the Defendant

- On March 4, 2008, Bloch submitted to an interview with the staff of the House Oversight Committee.

- As part of the March 4, 2008, interview, Bloch was asked about, among other things, whether and why he: (i) directed the deletion of emails or files on any of Bloch's OSC-issued computers in December of 2006 by using the computer repair service Geeks On Call; (ii) directed that Geeks On Call delete emails or files contained on the computers of two of his OSC aides; and (iii) directed that any such deletion of computer files be done by use of a "seven-level wipe" process. Moreover, Bloch was asked whether he was familiar with the term "seven-level wipe" before December of 2006.

- The Statement of Offense to which the defendant agreed identified five separate exchanges during the March 4, 2008 interview. Portions of these five exchanges included the following four answers given by Bloch in response to questions posed to him by committee staff members:

    - <u>No. We had no discussions about the problem itself or why he [the Geeks On Call technician] was doing what he was doing. He just came in, said what he was going to do and he did it.</u>

    - <u>. . . I do not know what a seven level wipe is, never heard of it before this, didn't know that I needed a wipe or a level of wipe, you know.</u>

- <u>He told me what he was going to do, how he was going to do it, and he did it.</u>

- <u>I can tell you categorically I didn't seek out seven level wipe because I don't know what that is. I still don't know what that is.</u>

**<u>Defendant's Withholding of Pertinent Information from the Committee</u>**

- When Bloch provided his answers to the House Oversight Committee on March 4, 2008, Bloch unlawfully and willfully made default by refusing and failing to state fully and completely the nature and extent of his instructions that Geeks On Call perform "seven level wipes" on his OSC-issued computers as well as the OSC-issued computers of two non-career OSC appointees in December of 2006. In making the underscored statements and representations noted in the five identified exchanges, defendant Bloch admitted that he unlawfully and willfully withheld pertinent information from the Committee.

**<u>Argument</u>**

For nearly five years, Mr. Bloch served as the head of an independent agency charged with safeguarding the rights of federal employees throughout the country from a wide range of prohibited personnel practices. In this important role, Mr. Bloch was responsible for overseeing a great number of important investigations which were vital to ensuring the integrity of the federal employment system. If while Mr. Bloch served in this role, he encountered an individual who (like he) unlawfully and willfully withheld information that was pertinent to a lawful investigation for which he was responsible, Mr. Bloch would have undoubtedly, and rightfully, sought full recourse against that individual.

Indeed, Mr. Bloch, perhaps as well as anyone, should have known that the federal government cannot conduct proper investigations if witnesses intentionally and unlawfully withhold information pertinent to those investigations. Yet, as Mr. Bloch has admitted to this Court, that is exactly what he did on March 4, 2008 when he refused and failed to state fully and completely to the

House Oversight Committee the nature and extent of his instructions that Geeks On Call perform "seven level wipes" on his OSC-issued computers as well as the OSC-issued computers of two other OSC employees. This serious criminal offense should not be treated lightly.

While the seriousness of the defendant's offense cannot be overlooked, certain factors weigh in favor of him not receiving the high end of the recommended sentencing range. Notably, the defendant accepted responsibility for his criminal conduct pre-indictment and has no criminal history. Moreover, in light of the public nature of the defendant's guilty plea, and the likelihood of collateral punishment to the defendant (such as a possible sanction with the D.C. bar, for example), the government believes that the defendant will be disciplined for his crime even beyond any sentence the Court imposes.

The recommended sentencing range under the USSG is 0 to 6 months incarceration[2], and a fine of between $250 and $5000.

In light of the above, the government would not oppose a defense request that the defendant receive a sentence of probation. If the Court elects to sentence the defendant to probation, the government respectfully recommends that the Court impose at least two conditions: (a) the payment

---

[2] The PSI correctly notes that 2 U.S.C. § 192 indicates a term of imprisonment of one to six months. However, this statute does not make the one month of incarceration a mandatory minimum period of incarceration. Indeed, Congress has explicitly passed mandatory minimum sentences with respect to *other* criminal statutes (*see, e.g.,* 18 U.S.C. § 924(c)(1)(D) ("Notwithstanding any other provision of law – (i) court shall not place on probation any person convicted of a violation of this subsection.")). And Congress has clearly *not* established any mandatory minimum period of incarceration for violations of 2 U.S.C. § 192.

The government does not see anything in the Guidelines or the U.S. Code requiring jail time of at least one month, or precluding a sentence of probation for violations of 2 U.S.C. § 192. To this end, the last two criminal prosecutions of 2 U.S.C. § 192 in this jurisdiction of which the undersigned AUSA is aware, each resulted in sentence of probation. *See U.S. v. Tejada*, Cr.-09-mj-077 (AK) and *U.S. v. Abrams*, Cr.-91-575 (AER).

by the defendant of a $5,000 fine; and (b) the successful completion by the defendant of 200 hours of community service. The government believes that such a sentence would, among other things, reflect the seriousness of the offense to which Mr. Bloch has pled guilty, promote respect for the law, provide just punishment for the offense, and provide appropriate deterrent effect for similar criminal conduct in the future.

                                          Respectfully submitted,

                                          RONALD C. MACHEN JR.
                                          UNITED STATES ATTORNEY
                                          D.C. BAR NUMBER 447-889
                                          555 4th Street, N.W., 5th Floor
                                          Washington, D.C.  20530
                                          (202) 514-6600

By:                               /s/
                                            GLENN S. LEON
                                          New York Bar
                                          Assistant U.S. Attorney
                                          Fraud and Public Corruption Section
                                          555 4th Street, N.W.
                                          Washington, D.C.  20530
                                          (202) 305-0174
                                          Glenn.S.Leon@usdoj.gov