LET THIS BE FILED
/s/ Deborah A. Robinson
Deborah A. Robinson
U.S. Magistrate Judge
9/7/10

**Federal District Court for the District of Columbia**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 10-215-M-01 |
| | ) | |
| **SCOTT BLOCH** | ) | Magistrate Deborah Robinson |
| | ) | |
| **Defendant.** | ) | **FILED** |

**FILED**
SEP -7 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Victim Impact Statement**
**Request for Leave to be Added as an *Amicus***

As per Federal and local rules, I hereby request leave to be added personally and individually as an *amicus curiae* in the sentencing of Scott Bloch.   On July 23, 2010, Magistrate Robinson entered into the sentencing record in the above matter an *amicus curiae* brief signed by sixteen friends of the court.

These initial signatories with their respective email addresses to this Court's accepted *amicus* brief include Bill Dougan (President of the National Federation of Federal Employees-NFFE), Gary Vander Boegh, Cory Bythrow, Joseph Carson, Carol Czarkowski, Randy Erwin, James Faller, Janet Howard, Christopher Nolan, Darlene Price, Dorothy Pritchett, Ingrid Robinson, Joseph Santos, and Dottie Taylor.   This *amicus curiae* brief attached fifty-nine pages from the public domain that concern whether or not Mr. Bloch provided adequate protection from reprisal and other prohibited personnel practices within the meaning of 5 U.S.C. 2302(b) to his agency's over one hundred employees and to employees at all other federal agencies.

I was terminated from my non-probationary excepted service GS-905-15/step 8 attorney advisor position on the agency pretext and false "misconduct" allegation by the U.S. Department of Energy that I reported my invocation of sick leave to my timekeeper rather than my rating official.  The Office of Special Counsel (OSC)

and its Special Counsel Scott Bloch failed to provide to me, and later my legal clients in private practice, adequate protection from ongoing federal reprisal and prohibited personnel practices within the meaning of 5 U.S.C. 2302(b).

I am informed and believe that there have been fewer than two hundred corrective actions regarding over twenty-five thousand complaints to OSC concerning approximately fifty-thousand violations of law over the last thirty-one years.  OSC has been dysfunctional since the Civil Service Reform Act of 1978.

I respectfully suggest that Mr. Bloch's scheduled sentencing date of September 8, 2010 be enlarged to allow more victim impact statements from a pool of all OSC complaints received and case close outs during Mr. Bloch's tenure in office.  I suggest that this Court instruct the U.S. Justice Department to identify all such complainants not requesting anonymity and the alleged reasons that their respective complaints were not investigated.  Mr. Bloch served as Special Counsel from his Senate confirmation in January 2004 until his resignation in October 2008.

I incorporate by reference the attached documents to the *amius curiae* brief admitted into the sentencing record.   In my view, each concerns whether or not Mr. Bloch violated other federal laws, e.g. 5 U.S.C. 1214(e) *et seq.,* in addition to the federal statute requiring a mandatory one-month minimum jail sentence for his plea bargain to one count of Contempt of Congress.

                              Respectfully submitted,

                              David B. Nolan, Sr.          July 31, 2010