# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SCOTT J. BLOCH,<br><br>    Defendant. | Magistrate No. 10-0215M-01<br>DAR |

## MEMORANDUM OPINION

On April 27, 2010, Defendant, represented by retained counsel, appeared before the undersigned United States Magistrate Judge for an inquiry pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Defendant, upon being advised by the undersigned of his right to trial, judgment and sentencing before a United States District Judge, consented to proceed before this court. Consent to Proceed Before United States Magistrate in a Misdemeanor Case (Document No. 2). Defendant indicated that he wished to plead guilty to the one-count Information filed by the United States Attorney, pursuant to the plea offer made by the United States Attorney for the District of Columbia. *See* Plea Agreement (Document No. 3). By said Information, the United States Attorney charged Defendant with the offense of criminal contempt of congress in violation of 2 U.S.C. § 192. Information (Document No. 1). The statute provides, in pertinent part:

> Every person who having been summoned as a witness by the authority of . . . any committee of either House of Congress, willfully makes default, . . . shall be deemed guilty of a misdemeanor, punishable by a fine . . . and imprisonment in a common jail *for not less than one month* nor more than twelve months.

2 U.S.C. § 192 (emphasis supplied).

During the course of the nearly 45-minute hearing, Defendant, both orally and in writing, affirmed, *inter alia,* that he had reviewed the Information; that he understood the charge alleged in the Information; that he knew the penalties provided by the statute, and, more specifically, that he knew that the statute provided, as maximum penalties upon conviction, a term of imprisonment of 12 months and a fine of $100,000. *See* 04/27/2010 Minute Entry; Plea Agreement at 1, 8 [unnumbered].

At the conclusion of the Rule 11 inquiry, Defendant pled guilty to the offense charged. The court, upon consideration of Defendant's responses to the inquiries undertaken during the Rule 11 inquiry, found that Defendant's plea of guilty was a knowing and voluntary waiver of his rights supported by an independent basis in fact which contained each of the essential elements of the offense. The court therefore accepted the plea, and scheduled the sentencing hearing for a date in July, 2010. *See* 04/17/2010 Minute Entry.

However, the sentencing hearing has been repeatedly continued in order to permit counsel to address the issue of whether the statute provides for the imposition of a mandatory minimum sentence of one month. Neither counsel for Defendant nor the United States Attorney suggests that he, or the party he represents, did not read the statute and note the provision that the offense is "punishable by . . . imprisonment . . . for not less than one month[.]" Rather, they both maintain that the statute does not require the imposition of a minimum period of incarceration of one month, and, even it does, the court need not do so.

The issue presented appears to be one of first impression: counsel do not cite any published opinion in which a court decided whether or not the provision of 2 U.S.C. § 192 that a

violation of that statute is "punishable by . . . imprisonment . . . for not less than one month" is a mandatory minimum sentencing provision, and the undersigned has found no such authority. However, for the reasons set forth herein, the court finds that no authority supports the requests of counsel that the court either interpret the sentencing provision as discretionary, or, alternatively, disregard the provision. The court therefore declines the invitation to do so.

**THE CONTENTIONS OF COUNSEL**

Neither counsel addressed the applicability of the provision of 2 U.S.C. § 192 that the penalty for a violation of that statute is "punishable by . . . imprisonment . . . for not less than one month" until the presentence investigation was completed.[1] The United States Attorney, in a footnote, and with no citation of authority, maintained that "this statute does not make the one month of incarceration a mandatory minimum period of incarceration[,]" and that "Congress has clearly *not* established any mandatory minimum period of incarceration for violations of 2 U.S.C. § 192." Memorandum in Aid of Sentencing (Document No. 10) at 6, n.2. The United States Attorney further maintained that "[t]he government does not see anything in the Guidelines or the U.S. Code requiring jail time of at least month, or precluding a sentence of probation for violations of 2 U.S.C. § 192." *Id.* Finally, the United States Attorney maintained that "the last two criminal prosecutions of 2 U.S.C. § 192 in this jurisdiction of which the undersigned AUSA is aware, each resulted in [a] sentence of probation. *See U.S. v. Tejada,* Cr.-09-mj-077 (AK) and

---

[1] The United States Probation Office, in both its draft and its final Presentence Investigation Report ("PSI"), stated that the minimum term of imprisonment for the offense to which Defendant pled guilty is one month. These reports are electronically filed in the record of this case (Document Nos. 7, 8); however, because they are accessible only to the court and the parties, the undersigned limits the references to the reports to the references disclosed by the parties in their written and oral submissions.

*U.S. v. Abrams,* Cr.-91-575 (AER)." *Id.*

Defendant, in a virtually identical footnote, "agree[d] with the government that the PSI erroneously concludes that a one-month term of incarceration is mandatory," and that "[a]s the government correctly notes, nothing in the language or operation of the statute suggests that a mandatory term is required." Defendant's Memorandum in Aid of Sentencing (Document No. 11) at 3, n.1.[2] Counsel for Defendant asserted that "undersigned counsel conducted an extensive review of 2 U.S.C. § 192 prior to the guilty plea, and our review yielded only two prosecutions of the statute in the past twenty years—*United States v. Tejada*, Cr.-09-mj-077 (AK) and *United States v. Abrams*, Cr.-91-575 (AER)—both of which resulted in probation." *Id.*

In addition to the conclusion briefly addressed in their footnotes, counsel for both parties submit that (1) judges have previously sentenced defendants convicted of violations of 2 U.S.C. § 192 to terms of probation; (2) the term "punishable" is imprecise, and should not be construed in the same manner as "shall be punished"; (3) the rule of lenity "weights in favor" of a finding that the statute does not include a mandatory minimum sentencing provision, and (4) the court "[m]ust [d]isregard" the inclusion by the United States Sentencing Commission of 2 U.S.C. § 192 in its summary of offenses for which a statutory mandatory minimum sentence is provided. Supplemental Memorandum in Aid of Sentencing (Document No. 15) at 2-5; Defendant's Supplemental Memorandum in Aid of Sentencing (Document No. 16) at 2; [Second] Supplemental Memorandum in Aid of Sentencing (Document No. 23) at 2-7; Defendant's Second Supplemental Memorandum in Aid of Sentencing (Document No. 24) at 1-13; *see* also

---

[2] However, as part of Defendant's plea agreement with the United States, Defendant "acknowledge[d] that [his] entry of a guilty plea to the charged offense authorize[d] the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range." Plea Agreement at 5 [unnumbered].

**DISCUSSION**

*Legislative History*

The court begins its consideration of the interpretation of the statutory provision at issue here with consideration of the legislative history of the enactment. *Dixson v. United States*, 465 U.S. 482, 491 (1984) ("As is often the case in matters of statutory interpretation, the language of [the statute] does not decide the dispute[,] . . . [and] [w]e must turn, therefore, to the legislative history of [the statute] to determine whether these materials clarify which of the proposed readings is consistent with Congress' intent."); *see also Brown v. Gardner*, 513 U.S. 115, 118 (1994) ("Ambiguity is a creature not of definitional possibilities but of statutory context, . . . [since] 'the meaning of statutory language, plain or not, depends on context[.]'") (quoting *King v. St. Vincent's Hospital*, 502 U.S. 215, 221 (1991)).

In 1857, Congress enacted a statutory criminal contempt procedure, largely in response to a proceeding in the House of Representatives that year. CRS Report RL34114, *Congress's Contempt Power: A Sketch*, by Morton Rosenberg and Todd B. Tatelman at 7. In the enactment, Congress provided for trial of the contemnor before a court, rather than a trial at the bar of the House or Senate. *Id.* "It is clear from the floor debates and the subsequent practice of both Houses that the legislation was intended as an *alternative* to the inherent contempt procedure, not as a substitute for it." *Id.* (emphasis supplied). In a discussion of the legislative history of the statute, the Supreme Court observed that "[t]his statute was passed . . . as a direct result of an incident which caused the Congress to feel that it needed *more severe sanctions* to compel disclosures than were available in the historical procedure of summoning the . . . witness before the bar of either House of

Congress . . ." *Watkins v. United States*, 354 U.S. 178, 207 n.45 (1957) (emphasis supplied). Thus, Congress's intent was to make the penalty for violating the statute punitive. *See Russell v. United States*, 369 U.S. 749, 755 (1962) ("In enacting the criminal statute . . . Congress invoked the aid of the federal judicial system in protecting itself against contumacious conduct.") (quoting *Watkins*, 354 U.S. at 207). With respect to sentencing, the statute, as enacted in 1857, provided that "on conviction," a person "shall" pay a fine and "*suffer imprisonment* in the common jail *not less than one month* nor more than twelve months." Act of January 24, 1857, ch. 19, 11 *Stat.* 155 (emphasis supplied).

Congress has amended 2 U.S.C. § 192 only once since its enactment. The amendment was undertaken in 1938. The Senate stated that its intent was "to extend to joint committees established by joint resolution of the two Houses the same power now possessed under law by committees of either House." S. Rep. No. 2108 (1938). The House expressed its intent that "this amendment cure[] an omission in existing law by adding the words 'or any joint committee of the two Houses of Congress' . . . to give joint committees of the two Houses the same powers which the committees of either House already have." H.R. Rep. No. 2533 (1938).

With respect to sentencing, the statute, as amended, provided that the offense was "punishable by a fine . . . and imprisonment in a common jail for not less than one month nor more than twelve months." Thus, while "punishable" is substituted for "shall . . . suffer imprisonment[,]" the language prescribing the minimum of the sentencing range as " not less than one month" remained unchanged.[3]

---

[3] The recorded legislative history includes no discussion with respect to the substitution of "punishable" for "shall . . . suffer imprisonment[.]" The court finds that the retention of "for not less than one month" indicates that the substitution was merely stylistic. *See* H.R. Rep. No. 2533 (1938).

In sum, Congress, in its original enactment, provided that a person convicted of a violation of the statute "shall . . . suffer imprisonment not less than one month[.]" The only amendment of the sentencing provision has been to substitute "punishable by . . . imprisonment" for "shall . . . suffer imprisonment[.]" None of the contemporaneous House or Senate reports indicate that Congress intended to alter the penalty for which it originally provided: a fine, and imprisonment "for not less than one month." Read in context of the legislative history of the original enactment, it is evident that Congress decided to provide a significant measure of punishment for contempt of that body, and did so by the inclusion of a mandatory minimum sentence of " not less than one month[.]"

***Statutory Construction***

This Court recently reaffirmed the proposition that "[the] plain meaning approach to statutory construction is well established[,]" [and] 'the plain meaning of legislation should be conclusive, except in the rare cases [in which] the literal application of a statute will produce a result demonstratively at odds with the intentions of its drafters.'" *United States v. Cotton,* No. 10-126, 2011 WL 180196, at *5 (D.D.C. January 20, 2011) (quoting *United States v. Ron Pair Enterp., Inc.,* 489 U.S. 235, 242 (1989)); *cf. United States v. Baldwin*, 277 F. Supp. 2d 67, 69 (D.D.C. 2003) ("plain language interpretation" warranted where language Congress chose in enacting criminal statute is consistent with its intent as expressed in the legislative history of the enactment). Thus, "'rebutting the presumption created by clear language is onerous' and the proponent 'must show either that, as a matter of historical fact, Congress did not mean what it appears to have said, or that, as a matter of logic and statutory structure, it almost surely could not have meant it.'" *Id.* (quoting *Nat'l Public Radio, Inc. v. FCC,* 254 F.3d 226, 230 (D.C. Cir. 2001)).

Here, counsel have not attempted either showing. Rather, in their effort to persuade the court that the statute does not provide for a mandatory minimum sentence, counsel – relying not on the legislative history, a statute, or a published opinion, but instead, on the dictionary – argue that "punishable by . . . imprisonment . . . for not less than one month" does not mean "shall be sentenced to a term of imprisonment of not less than one month." Supplemental Memorandum in Aid of Sentencing at 2-3; Defendant's Second Supplemental Memorandum in Aid of Sentencing at 3. Counsel further submit that their chosen dictionary definition of "punishable" – "capable of being punished" – means that the term is discretionary, and that only the term "shall be punished" should be deemed mandatory.[4]

However, the court has no occasion to resort to a dictionary to determine the meaning of the term "punishable." *Cotton*, 2011 WL 180196, at *6 ("[O]nly if [the court] determine[s] that the terms of a statutory provision are ambiguous [is the court] then permitted to consider other evidence to interpret the meaning of the provision[.]") (internal quotation and citation omitted). Read in context – including the starting point of the range of the prescribed sentence of "not less than one month" – the meaning of the term "punishable" is abundantly plain: Congress provided for a mandatory minimum sentence of one month. *Logan v. United States,* 552 U.S. 23, 31 (2007) (the context in which the term is used "counsels adherence to the word's ordinary meaning."); *see also United States v. Sunia*, 643 F. Supp. 2d 51, 63 (D.D.C. 2009) ("In ascertaining the meaning of a statutory term, a court must consider 'not only the bare meaning of the word[,] but also its placement and purpose in the statutory scheme.'") (quoting *Bailey v.*

---

[4] The United States Attorney was unable to cite a single instance in which the United States had previously suggested that the term "punishable by . . . imprisonment . . . for not less than" a fixed term means "capable of being punished[,]" or otherwise permits the sentencing court to instead impose a sentence of probation.

*United States*, 516 U.S. 137, 145 (1995)).

Indeed, the United States Supreme Court, various circuits, and other judges of this Court have applied the terms "punishable" and "shall be punished by" interchangeably. *E.g., Price v. United States,* 537 U.S. 1152, 123 S.Ct. 986, 989 (2003) (21 U.S.C.§ 844 provides, subject to specified prerequisites, that a person convicted of simple possession of cocaine base "shall be imprisoned not less than five years"; Supreme Court held that "simple possession of more than five grams of cocaine base is a felony because it is punishable by a mandatory minimum sentence of five years of imprisonment . . . [.]") (citations omitted); *United States v. Avila-Anguiano,* 609 F.3d 1046, 1049 (9th Cir. 2010) (Congress, through the Violent Crime Control and Law Enforcement Act of 1994, expanded the types of firearms with in the ambit of 18 U.S.C. § 924(c), an offense, in some instances, "punishable by a mandatory minimum sentence of ten years.") (citation omitted); *United States v. Roa-Medina,* 607 F.3d 255, 256 (1st Cir. 2010) (distribution of 50 grams or more of cocaine base in violation of 21 U.S.C.§ 841(a)(1) is "an offense punishable by a statutory minimum term of 120 months imprisonment.*"*) (citation omitted); *United States v. Cook,* 530 F. Supp. 2d 195, 196 (D.D.C. 2008) (conspiracy to distribute and to possess with intent to distribute one kilogram or more of phencyclidine in violation of 21 U.S.C. § 846 is "an offense *punishable by ten years to life."*) (emphasis supplied) (citation omitted).[5]

According the term "punishable" the definition requested by counsel would require that the court construe the term in a vacuum, without consideration of the entirety of the provision. Counsel omit any discussion of the inclusion in the sentencing provision of the term "for not less

---

[5] Congress has also used the terms interchangeably. *See* n.7, *infra*.

than one month[.]" No authority supports reading the latter provision out of the statute, or ignoring the context in which it used. *See Sunia*, 643 F. Supp. 2d at 63 ("[T]he Court presumes that 'each term in a criminal statute carries meaning.'") (citations omitted).

Counsel suggest that the "rule of lenity" forecloses any interpretation of the provision "punishable by . . . imprisonment . . . for not less than one month" as a mandatory minimum sentencing provision. However, "the touchstone of the rule of lenity is statutory ambiguity. . . . The rule comes into operation at the end of a process of construing what Congress has expressed, . . . and applies only when, after consulting traditional cannons of statutory construction, we are left with an ambiguous statute." *Burgess v. United States,* 553 U.S. 124, 135 (2008) (citations and internal quotations omitted); *see also United States v. Cook,* 594 F.3d 883, 890 (D.C. Cir. 2010) (rule of lenity "is a cannon of last resort where there is statutory ambiguity.") (citations omitted); *United States v. E-Gold, Ltd.,* 550 F. Supp. 2d 82, 100 (D.D.C. 2008) (rule of lenity applies "only if, 'after seizing everything from which aid can be derived,' . . . we can make 'no more than a guess as to what Congress intended.'") (citations and internal quotations omitted).

The rule of lenity is inapplicable here: this court, like the court in *E-Gold,* finds that "[t]he words of the statute are clear; the applicable rules of statutory interpretation are clear; and the legislative history is clear." *See E-Gold,* 550 F. Supp. 2d at 100.[6]

---

[6] The imposition of a sentence of probation by two judges of this Court in prosecutions of defendants for violations of 2 U.S.C. § 192 (*see, e.g.*, Supplemental Memorandum in Aid of Sentencing at 2-3) is of no moment, as no published opinion indicates what, if anything, those judges decided regarding a mandatory minimum sentencing provision. In the published opinion with respect to the earlier of the two cases, *In re Abrams*, 662 A.2d 867 (D.C. 1995) (reversed on other grounds), the District of Columbia Court of Appeals considered only the extent of its power, if any, to impose disciplinary sanctions, by reason of conduct which violated 2 U.S.C. § 192, after the respondent had been granted an unconditional pardon for his conduct; the District of Columbia Court of Appeals noted only in passing that respondent had been sentenced by a judge of this Court to probation. In the more recent of the two prosecutions, *United States v. Tejada*, Magistrate No. 09-0771-01, no published opinion or ECF entry reflects any consideration of whether or not the statute includes a mandatory minimum sentencing provision.

*United States Sentencing Commission Report to Congress*

Further indicative of the existence of a mandatory minimum sentencing provision in 2 U.S.C.§ 192 is the inclusion of that statute among those for which Congress provided a mandatory minimum sentence. In a report with respect to federal mandatory minimum sentencing penalties submitted to the House Judiciary Committee for inclusion in the record of a July 14, 2009 hearing of the Crime, Terrorism, and Homeland Security subcommittee, the United States Sentencing Commission listed 2 U.S.C. § 192 as the first of the 171 offenses enumerated in table of offenses which include statutory provisions requiring mandatory minimum terms of imprisonment. U.S. Sentencing Comm'n, Overview of Statutory Mandatory Minimum Sentencing, (July 14, 2009), http://www.ussc.gov/Legislative_and_Public_Affairs/ Congressional_Testimony_and_Reports/Submissions/20090710_StC_Mandatory_Minimum.pdf; *id.* at Appendix A (listing current mandatory minimum sentencing provisions).[7]
The court, by Minute Order, directed counsel to address the report. *See* 09/13/2010 Minute Order.[8] The United States Attorney, relying upon *United States v. Price,* 990 F.2d 1367, 1370 (D.C. Cir. 1993), *superseded by statute*, U.S.S.G. § 4B1.1 (1995), *as recognized in U.S. v. Gaviria*, 116 F.3d 1498 (D.C. Cir. 1997), asserted that "[t]he Sentencing Commission's

---

[7] A total of ten of the enumerated offenses are misdemeanors, which expressly provide, by statute, for a mandatory minimum sentence. With respect to two of those offenses, the statute provides that the offense is "punishable" by a fixed minimum term of imprisonment. *See* 2 U.S.C. § 390 (failure to appear, testify, or produce documents when subpoenaed for contested election case before Congress); 16 U.S.C. § 414 (trespassing on federal land for hunting or shooting). With respect to the remaining eight offenses, the statute provides that a person guilty of the offense "shall be punished by" a fixed minimum term. *See* 21 U.S.C. § 212 (practice of pharmacy and sale of poisons in China); 33 U.S.C. § 410 (navigable water regulation violation); 33 U.S.C. § 411 (deposit of refuse or obstruction of navigable waterway); 47 U.S.C. § 13 (refusal to operate railroad or telegraph lines);7 U.S.C. §§13a (disobeying cease and desist order by registered entity) and 13b (disobeying cease and desist order by person other than a registered entity); 7 U.S.C. § 2024(b)(1) (illegal food stamp activity); 15 U.S.C. § 8 (trust in restraint of import trade).

[8] This document was previously cited as U.S. Sentencing Comm'n, Overview of Statutory Mandatory Minimum Sentencing, (July 15, 2009), http://www/ussc.gov/MANMIN/man_min.pdf. *See* 09/13/2010 Minute Order. However, the URL changed at some point after September 13, 2010 (the date of the ECF entry) and before January 24, 2011 (the date of the court's last visit to the website).

interpretation of a particular statute is not controlling authority." Supplemental Memorandum in Aid of Sentencing at 4. Defendant, relying on the identical authority, asserted that "the U.S. Sentencing Commission's interpretation of a particular statute is not binding on this Court[,]" and that "this Court has no choice but to disregard the Sentencing Commission Paper[.]" Defendant's Second Supplemental Memorandum in Aid of Sentencing at 10.

The court finds that the authority on which counsel rely in support of their request that the court disregard the Sentencing Commission's report is inapposite. In *Price*, the District of Columbia Circuit held only that the Commission's enabling legislation does not permit an interpretation of the Sentencing Guidelines that an inchoate offense is considered in the same manner as a substantive offense. *Price*, 990 F.2d at 1370. More recently, however, this Circuit, held that in reviewing a sentence, the court can consider the Sentencing Commission's commentary in the Sentencing Guidelines Manual. *See U.S. v. McCants,* 554 F.3d 155, 161 (D.C. Cir. 2009); *cf. Stinson v. United States*, 508 U.S. 36, 37 (1993) ("[C]ommentary to the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

Assuming, without deciding, that the report of the Sentencing Commission can be fairly regarded as commentary, the court finds that such commentary cannot summarily be disregarded. Indeed, Defendant "[understood] that the sentence in this case will be determined by the Court pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and polices promulgated in by the United States Sentencing Commission Guidelines Manual (2008)[.]" Plea Agreement at 2 [unnumbered].

**CONCLUSION**

For all of the foregoing reasons, the court finds that Congress expressly provided for a mandatory minimum sentence of one month, evidencing its intention to do so; that the language by which it did so is unambiguous; and that no authority permits the court to disregard the provision, or to interpret it other than in accordance with its plain meaning. Following a sentencing hearing, a sentence will be imposed consistent with these findings, and in accordance with 18 U.S.C. § 3553.


February 2, 2011                                         /s/
                                                         DEBORAH A. ROBINSON
                                                         United States Magistrate Judge