# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

SCOTT J. BLOCH,

Defendant.

Magistrate No. 10-0215M-01
DAR

## MEMORANDUM OPINION AND ORDER

On April 27, 2010, Defendant, represented by retained counsel, appeared before the

undersigned United States Magistrate Judge for an inquiry pursuant to Rule 11 of the Federal

Rules of Criminal Procedure. Defendant, upon being advised by the undersigned of his right to

trial, judgment and sentencing before a United States District Judge, consented to proceed before

this court. Consent to Proceed Before United States Magistrate in a Misdemeanor Case

(Document No. 2). Defendant indicated that he wished to plead guilty to the one-count

Information filed by the United States Attorney, pursuant to the plea offer made by the United

States Attorney for the District of Columbia. *See* Plea Agreement (Document No. 3). By said

Information, the United States Attorney charged Defendant with the offense of criminal contempt

of congress in violation of 2 U.S.C. § 192. Information (Document No. 1). The statute provides,

in pertinent part:

> Every person who having been summoned as a witness by the
> authority of . . . any committee of either House of Congress,
> willfully makes default, . . . shall be deemed guilty of a
> misdemeanor, punishable by a fine . . . and imprisonment in a
> common jail *for not less than one month* nor more than twelve
> months.

2 U.S.C. § 192 (emphasis supplied).

During the course of the nearly 45-minute hearing, Defendant, both orally and in writing, affirmed, *inter alia,* that he had reviewed the Information; that he understood the charge alleged in the Information; that he knew the penalties provided by the statute, and, more specifically, that he knew that the statute provided, as maximum penalties upon conviction, a term of imprisonment of 12 months and a fine of $100,000. *See* 04/27/2010 Minute Entry; Plea Agreement at 1, 8 [unnumbered].

At the conclusion of the Rule 11 inquiry, Defendant pled guilty to the offense charged. The court, upon consideration of Defendant's responses to the inquiries undertaken during the Rule 11 inquiry, found that Defendant's plea of guilty was a knowing and voluntary waiver of his rights supported by an independent basis in fact which contained each of the essential elements of the offense. The court therefore accepted the plea, and scheduled the sentencing hearing for a date in July, 2010. *See* 04/17/2010 Minute Entry.

However, the sentencing hearing was repeatedly continued in order to permit counsel to address the issue of whether the statute provides for the imposition of a mandatory minimum sentence of one month. Neither counsel for Defendant nor the United States Attorney suggested that he, or the party he represents, did not read the statute and note the provision that the offense is "punishable by . . . imprisonment . . . for not less than one month[.]" Rather, they both maintained that the statute does not require the imposition of a minimum period of incarceration of one month, and, even it does, the court need not do so. *United States v. Bloch*, No. 10-0215M-01, 2011 WL 321118, at *1 (D.D.C. February 2, 2011).

The court ultimately held that "Congress expressly provided for a mandatory minimum sentence of one month[;] . . .that the language by which it did so is unambiguous[,] and that no authority permits the court to disregard the provision, or to interpret it other than in accordance with its plain meaning." *Bloch*, 2011 WL 321118, at *7.

The United States Attorney filed a motion for reconsideration of the court's memorandum opinion, ostensibly offering "additional authority . . . that squarely supports the argument that a sentence of probation . . . is always permitted unless there is language expressly precluding probation." *See* Government's Motion to Reconsider the Court's February 2, 2011 Memorandum Opinion (Document No. 33) at 2. Four days later, the United States Attorney withdrew its motion for reconsideration, conceding that "its prior reliance on [one of the authorities cited in its motion] was misplaced." Government's Motion to Withdraw its Motion to Reconsider the Court's February 2, 2011 Memorandum Opinion (Document No. 36) at 2.

Defendant did not move for reconsideration of the court's memorandum opinion. Instead, Defendant moved to withdraw his plea of guilty to the violation of 2 U.S.C. § 192 alleged in the one-count Information filed by the United States Attorney, with his consent. *See* Defendant's Unopposed Motion to Withdraw Guilty Plea (Document No. 37).[1]

Defendant "does not concede that 2 U.S.C. § 192 is in fact a statute that imposes a mandatory minimum sentence[,]" but "seeks to withdraw his plea on the grounds that he was not

---

[1] Defendant's motion to withdraw his guilty plea was not unanticipated: the United States Attorney, in his motion to withdraw his motion for reconsideration of the court's February 2, 2011 Memorandum Opinion, represented that counsel for Defendant informed the government that "[i]n light of this Court's ruling that 2 U.S.C. § 192 requires a minimum penalty of one month's incarceration, . . . [D]efendant intends to file a motion to withdraw his guilty plea in this case, on the ground that [the] plea colloquy did not satisfy the requirement of Federal Rule of Criminal Procedure 11(b)(1)(I) that 'before the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands, . . . any applicable mandatory minimum penalty.'" Government's Motion to Withdraw its Motion to Reconsider the Court's February 2, 2011 Memorandum Opinion at 3, n.2. The United States Attorney advised that he "will not oppose [Defendant's] motion to withdraw his plea." *Id.* The United States Attorney further advised that in any event, "[t]he parties are currently in the process of negotiating another plea agreement, pursuant to which the defendant would plead guilty to a different offense should the Court grant the defendant's motion to withdraw his guilty plea." *Id.*

advised of the purported mandatory sentence prescribed by § 192, as required by Rule 11, prior to

entering his plea." Defendant's Unopposed Motion to Withdraw Guilty Plea at 1, n.1.[2]

Defendant did not request a hearing on his motion to withdraw his guilty plea; nor did he offer an

affidavit or declaration with respect to any matter which the court would, of necessity, be

required to consider during the determination of his motion.

The United States Attorney, in his response, states that "the government believes that the

[D]efendant's motion to withdraw his guilty plea in this case is well-founded[,]" and that "[t]he

government, therefore, does not oppose [D]efendant's motion to withdraw his guilty plea."

Government's Response to Defendant's Motion to Withdraw Guilty Plea (Document No. 39) at

1. The United States Attorney asserts that the record indicates that "(I) the court did not inform

the defendant that he faced a one month mandatory minimum period of incarceration for his plea

of guilty to 2 U.S.C. § 192; and (ii) the defendant had no understanding that he faced one month

of mandatory incarceration by pleading guilty."[3]

Defendant, in his reply memorandum, offers, for the first time, a sworn statement:

Defendant's counsel states that "[t]o the extent that the Court has any concerns regarding the

record in this case, we have attached an affidavit from Mr. Bloch further reinforcing the fact that

he would not have pled guilty if he had been informed that section 192 was not a probation-

eligible offense." Defendant's Reply in Support of His Unopposed Motion to Withdraw His

---

[2] Defendant asserts that he "expressly disclaims that any statements herein should be deemed a waiver to [sic] his challenge to the Court's finding that 2 U.S.C. § 192 carries a mandatory term of imprisonment[,]" *id.;* however, Defendant did not move for reconsideration of the court's finding.

[3] The factual basis of the former of the two assertions is indeed evident from a review of the transcript of the Rule 11 inquiry: the court advised Defendant of the maximum period of incarceration provided by statute, but not the minimum. However, the factual basis of the latter assertion is entirely unexplained by the government: as of the date of the filing by the United States Attorney of its response to Defendant's motion to withdraw his guilty plea, Defendant had offered no testimony – by affidavit or otherwise – with respect to his "understanding[.]"

Guilty Plea (Document No. 42) at 1.[4]  The affidavit, in its entirety, reads:

> I, Scott J. Bloch, declare under penalty of perjury as follows:
>
> 1.    I am the defendant in the above captioned matter.
>
> 2.    At the time I negotiated my guilty plea to one count of contempt of congress pursuant to 2 U.S.C. § 192, I believed that such an offense was probation-eligible, and I believed that it was possible that I could be sentenced to probation.
>
> 3.    If I had been informed that 2 U.S.C. § 192 was not a probation-eligible offense, or that any sentence under 2 U.S.C. § 192 required a mandatory minimum term of incarceration, I would not have pleaded guilty.

Affidavit of Scott J. Bloch (Document No. 42-1).

Thus, the issue present by Defendant, through his motion to withdraw his plea of guilty, is whether or not a defendant may withdraw his plea of guilty prior to sentencing by reason of the court's Rule 11(b)(1)(I) oversight, where the defendant (1) is a lawyer; (2) was represented by retained counsel; (3) executed a written plea agreement through which he acknowledged that he could be sentenced to a period of incarceration of up to one year; (4) agreed that a sentence within the applicable Sentencing Guidelines range would be presumptively reasonable; (5) waived his right appeal any sentence "within the Stipulated Guidelines Range . . . and . . . agreed that any sentence within the Stipulated Guidelines Range is reasonable"; (6) stated on the record during the Rule 11 colloquy that he had read the Information by which he was charged with a violation of 2 U.S.C. § 192, and did not require more time to review it before the Rule 11 colloquy proceeded; (7) was advised by the court of the maximum penalty for the offense; (8)

---

[4]  Notwithstanding the order of the court directing Defendant to file a reply and setting a date by which he was to do so, Defendant's counsel boldly submits that "it was not necessary for Mr. Bloch to file a Reply to the Government's Response to Defendant's Unopposed Motion to Withdraw his Guilty Plea . . . since the Government declared that 'the government believes that the [D]efendant's motion to withdraw his guilty plea in this case is well-founded' and thus the government 'does not oppose [D]efendant's motion.'"  *Id.*  However, Defendant's counsel does not explain how Defendant's affidavit would have become a part of the record had he not filed a reply.

acknowledged on the record that no one had promised what sentence would be imposed; (9)

stated that he understood that if the sentence "is more severe than you expect it will be, that you

are still bound by your plea, and that you will not be permitted to withdraw your plea for that

reason[,]" and (10) now asserts only that "I believed that the offense was probation-eligible, and

. . . that it was possible that I could be sentenced to probation[,]" and that "had I been informed

. . . that any sentence under 2 U.S.C. § 192, required a mandatory minimum term of

incarceration, I would not have pleaded guilty."

　　　　The undersigned finds that the answer to the question is no.


## DISCUSSION

　　　　Rule 11 of the Federal Rules of Criminal Procedure "delineates procedural safeguards to

ensure that a guilty plea is entered into knowingly, voluntarily, and intelligently." *United States

v. Sibbles,* 562 F. Supp. 2d 1, 4 (D.D.C. 2008) (citing Fed. R. Crim. P. 11(b)). "An

understanding of the crime to which a defendant is admitting guilt is a 'core consideration' of

Rule 11." *Id.* (quoting *United States v. Shah,* 263 F. Supp. 2d 10, 21 (D.D.C. 2003)) (internal

citation omitted); *see also United States v. Basu,* 531 F. Supp. 2d 48, 52 (D.D.C. 2008) (citation

omitted). Rule 11 of the Federal Rules of Criminal Procedure provides, in pertinent part, that

before a court accepts a plea of guilty, the court "must address the defendant personally in open

court." Fed. R .Crim. P. 11(b)(1). "During this address, the court must inform the defendant of

and determine that the defendant understands" fourteen enumerated consequences of pleading

guilty, one of which is "any mandatory minimum penalty[.]" Fed. R. Crim. P. 11(b)(1)(I).[5] The

---

[5] Before accepting a plea of guilty, the court must also determine "that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement) (*see* Fed. R. Crim. P. 11(b)(2)), and "that there is a factual basis for the plea[]" (*see* Fed. R. Crim. P. 11(b)(3)). Because Defendant does not offer either of those provisions as a basis of his motion to withdraw his plea, the court will not undertake any consideration herein of those provisions.

record of the plea colloquy "must lead a reasonable person to believe that the defendant

understood the nature of the charge, such as through a judicial recitation of the material details of

the charge." *Sibblies,* 562 F. Supp. 2d at 4 (citing *Shah,* 263 F. Supp. 2d at 21); *see also United*

*States v. Thomas,* 541 F. Supp. 2d 18, 24 (D.D.C. 2008).

　　Rule 11 further provides that a defendant may withdraw a plea of guilty after the court

accepts the plea, but before it imposes sentence, in two circumstances, only one of which could

be applicable here: "if . . . the defendant can show a fair and just reason for requesting the

withdrawal." Fed. R. Crim. P. 11(d)(2)(B).[6] Rule 11 does not provide that a court must permit a

defendant to withdraw a plea of guilty upon a mere showing of a variance from the requirements

of the rule; rather, "[a] variance from the requirements of this rule is harmless error if it does not

affect substantial rights." Fed. R. Crim. P. 11(h); *see also Shah,* 453 F.3d at 521 ("Although

motions to withdraw a guilty plea before sentencing are often granted, relief is not a matter of

right."); *Basu*, 531 F. Supp. 2d at 52 ("Although presentence withdrawal motions should be

'liberally granted,' they are 'not granted as a matter of right[]'"; the decision whether or not to

grant a motion to withdraw a plea of guilty "is within the discretion of the trial judge.") (internal

citations and quotations omitted); *cf. Sibblies,* 562 F. Supp 2d at 4 ("The defendant's

representations at the plea hearing regarding 'adequacy of counsel and the knowing and voluntary

nature of his plea . . . may constitute a formidable barrier to . . . later refutations.'") (internal

citations and quotations omitted). This Circuit has held that in order for a defendant to establish

that an error by the district court in the conduct of the Rule 11 colloquy affected his substantial

---

[6] The other circumstance – "if . . . the court rejects a plea agreement under Rule 11(c)(5)[]" – need not be considered herein, as the agreement pursuant to which Defendant pled guilty was governed by Rule 11(c)(1)(B). Accordingly, the court was required to – and did – advise Defendant "that [he] has no right to withdraw the plea if the court does not follow the recommendation or request." Fed. R. Crim. P. 11(c)(3)(B); *see also* Transcript of Plea Hearing [Before The Honorable Deborah A. Robinson, United States Magistrate Judge] (Document No. 37-1) ("Plea Hearing Transcript") at 9; Plea Agreement (Document No. 3) at 5.

rights, "he 'must show a reasonable probability that, but for the error, he would not have entered

the plea.'" *United States v. Robinson,* 587 F.3d 1122, 1130 (D.C. Cir. 2009) (quoting *United*

*States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004)).

This Circuit has held that while withdrawal of a plea prior to sentencing "is to be liberally

granted," a district court's refusal to permit a defendant to withdraw his plea is reviewed "only

for abuse of discretion." *United States v. Berkeley*, 567 F.3d 703, 708 (D.C. Cir. 2009) (citations

omitted); *see also United States v. Curry,* 494 F.3d at 1128 (citations omitted).  The Circuit has

articulated three factors which guide such review: "(1) whether the defendant has asserted a

viable claim of innocence; (2) whether the delay between the guilty plea and the motion to

withdraw has substantially prejudiced the government's ability to prosecute the case; and (3)

whether the guilty plea was somehow tainted."  *Id.* (quoting *Curry,* 494 F.3d 1128 (D.C. Cir.

2007)) (internal citation omitted).  The Circuit has characterized the third factor as the "most

important."  *Id.* (citation omitted).  Put another way,

> the defendant must show "an error in the taking of
> his plea or some 'more substantial' reason he failed
> to press his case rather than plead guilty"; he must
> "make out a legally cognizable defense to" the
> charges; and even if he meets those requirements,
> there is still the question "whether the Government
> would have been substantially prejudiced by the
> delay in going to trial."

*Shah,* 453 F.3d at 523 (citation omitted).

"A district court need hold an evidentiary hearing on a plea withdrawal only where the

defendant offers 'substantial evidence that impugns the validity of the plea.'"  *Robinson*, 587

F.3d at 1132 (citation omitted).  Another judge of this court has observed that "[s]ummary

disposition" of a motion to withdraw a guilty plea also may be appropriate "where the defendant

has failed to present any affidavits or other evidentiary support for the naked assertions contained

in his motion." *Sibblies*, 562 F. Supp. 2d at 3-4 (citation and internal quotations omitted).

Thus,

> [a]s the Supreme Court noted in [*United States v. Hyde*, 520 U.S.
> 670 (1997)], it is no trifling matter to allow a defendant to withdraw
> a guilty plea "[a]fter [he] has sworn in open court that he actually
> committed the crimes, after he has stated that he is pleading
> guilty because he is guilty, after the court has found a factual
> basis for the plea, and after the court has explicitly announced
> that it accepts the plea."

*Robinson,* 587 F.3d at 1133 (quoting *Hyde,* 520 U.S. at 676).

The court finds that Defendant has failed to show, in accordance with the law of this

Circuit, either "a fair and just reason for requesting the withdrawal[]" of his plea of guilty, or that

the court's "variance from the requirements of [Rule 11] affect[ed] [his] substantial rights."

### *Defendant was informed with respect to the full extent of the provisions of 2 U.S.C. § 192*

While the court neglected during the 45-minute Rule 11 colloquy to inform Defendant of

the mandatory minimum penalty provision for the offense to which he wished to plead guilty,

Defendant's awareness of the provision cannot be credibly challenged: the mandatory minimum

sentencing provision is included in the same statute.  In response to the court's inquiry,

Defendant stated that he had a copy of the Information by which the United States Attorney

charged the offense to which he wished to plead guilty; that he had reviewed the Information

with his lawyers, and did not need additional time to review it; that he understood the charge

alleged in the Information, and that he knew the maximum penalties which the court was

authorized to impose:

THE COURT: Now, sir, have you seen the Information, the charging document filed by the United States Attorney?

THE DEFENDANT: Yes, I have, Your Honor. I've read it.

THE COURT: Do you have a copy of it with you now at the podium?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: Have you had a chance to review the Information with Mr. Sullivan and Mr. Sparacino?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: Do you need more time to review it with them before we continue?

THE DEFENDANT: I do not, Your Honor.

THE COURT: Do you understand the charge that is alleged in the Information?

THE DEFENDANT: I do, Your Honor.

THE COURT: Do you know what the maximum penalty is for that charge?

THE DEFENDANT: I do, Yes.

THE COURT: What is your understanding of the maximum penalty that the Court could impose?

THE DEFENDANT: I believe it is six months in jail and – I'm sorry, one year – up to one year in jail, I believe, and a fine of up to $100,000.

THE COURT: Do you know that the Court is required to impose a special assessment of $25 at the time of sentencing?

THE DEFENDANT: Yes, I do, Your Honor.

Plea Hearing Transcript at page 8, line 15 through page 9, line 18; *see also* Plea Agreement at 1

("Your client understands that the charge carries a maximum sentence of not more than twelve

months imprisonment, a maximum fine of $100,000, and a $25 special assessment.").

The court finds that any suggestion that Defendant – a lawyer represented by retained counsel – did not read the statute which contained both the offense to which he decided to plead guilty, as well as the penalties upon conviction of said offense, would defy credulity. Indeed, in his affidavit, Defendant does not suggest that he was unaware of the mandatory minimum penalty provision of the statute; rather, he states that "[a]t the time I negotiated my guilty plea to one count of contempt of congress pursuant to 2 U.S.C. § 192, I believed that such an offense was probation-eligible, and I believed that it was possible that I could be sentenced to probation." Affidavit, ¶2.[7]

Thus, although the court did not inform Defendant of the mandatory minimum penalty provision of 2 U.S.C. § 192, the record reflects that Defendant was cognizant of the full extent of the provisions of the statute, and indeed, does not suggest otherwise. His disagreement with the court's determination that the mandatory minimum penalty provision means what it says is not a basis upon which to find that Defendant was unaware of it.

### *Defendant's instant assertions are at odds with his acknowledgments in the plea agreement and on the record during the Rule 11 colloquy*

In his affidavit, Defendant states that "[i]f I had been informed that 2 U.S.C. § 192 was not a probation-eligible offense, or that any sentence under 2 U.S.C. § 192 required a mandatory minimum term of incarceration, I would not have pleaded guilty." Affidavit, ¶3. However, his instant averment is inconsistent with both the plea agreement and his representations under oath during the Rule 11 colloquy. By the plea agreement, Defendant and the government agreed that

---

[7] Defendant's affidavit is bereft of any explanation of the basis of his belief.

"[Defendant's] stipulated **Sentencing Guidelines range is 0 to 6 months[.]**"  Plea Agreement at

3.  Additionally, Defendant and the government agreed "that a sentence within the Stipulated

Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in

18 U.S.C. § 3553(a)[,]" and that "neither party will seek a sentence outside of the Stipulated

Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated

Guidelines Range."  *Id.*  Defendant acknowledged that "the Court is not bound by the above

stipulations, either as to questions of fact or as to the parties' determination of the applicable

Guidelines range, *or other sentencing issues."  Id.* at 4 (emphasis supplied).  Additionally,

Defendant and the government "further agreed that any sentence within the Stipulated Guidelines

Range is reasonable."  *Id.* at 5.

> Perhaps most notably, Defendant, through the plea agreement,

> > acknowledges that [his] entry of a guilty plea to the charged
> > offense authorizes the sentencing court to impose any
> > sentence, *up to and including the statutory maximum
> > sentence,* which may be greater than the applicable
> > Guidelines range.  The Government cannot, and does not,
> > make any promise or representation as to what sentence
> > [Defendant] will receive.

*Id.* at 5 (emphasis supplied).

> On the record during the Rule 11 colloquy, Defendant, under oath, denied that he had

been promised what sentence would be imposed:

> > THE COURT: Has anyone promised you what sentence will actually be
> > imposed?

> > THE DEFENDANT: No one has promised me that, Your Honor.

Plea Hearing Transcript at page 9, line 19 through line 22.

> Defendant, under oath, also said that he knew that his counsel's judgment with respect to

the likely sentence was not a promise with respect to the sentence which would be imposed, and

that if the sentence proved more severe than he anticipated, he would not be able to withdraw his

plea for that reason:

> THE COURT: Do you know that what you discussed with them represents
> their best professional judgment about what the Court might find, and that
> it is not a promise that that is what the Court will conclude at the time of
> sentencing hearing?
>
> THE DEFENDANT: That is my understanding, Your Honor.
>
> THE COURT: Do you know that if the sentence is more severe than you
> now expect it will be, that you are still bound by your plea, and that you
> will not be permitted to withdraw your plea for that reason?
>
> THE DEFENDANT: I understand that, Your Honor.

Plea Hearing Transcript at page 10, line 2 through line 14.

Under oath, Defendant stated that he had no questions regarding sentencing, and was

prepared to continue with the Rule 11 colloquy:

> THE COURT: Do you need more time to discuss any of the questions I
> just asked, or any of your own questions about sentencing, with your
> lawyers before we continue?
>
> THE DEFENDANT: No, I do not, Your Honor.

Plea Hearing Transcript at page 10, line 21 through line 25.

For all of the foregoing reasons, the court finds that Defendant, at the time he pled guilty

to a violation of 2 U.S.C. § 192, was well aware that he could have been sentenced to a period of

incarceration of up to one year.  His assertion, through his affidavit, that he would not have pled

guilty had he "been informed" that he would not receive probation is, simply put, not entitled to

credence.  This court–like the Circuit, when confronted with a comparable contradiction between

the defendant's answers under oath during the Rule 11 colloquy and the affidavit in support of

his motion – finds that "[Defendant's] argument – if not his affidavit – amounts to a claim that

the defect in the taking of the plea consisted of his committing perjury, when, under oath, he

acknowledged the truth of the factual recitals in the plea agreement and in the government's

proffer.  Lying to a court is not a 'fair and just reason,' Fed.R.Crim.P.  11(d)(2)(B), for allowing

a plea to be withdrawn."  *Shah*, 453 F.3d at 523 (citations omitted); *see also Sibblies*, 562 F.

Supp. 2d at 7 (noting the importance of consideration of whether or not a motion to withdraw a

guilty plea "is premised on claims directly contrary to the representations" made during the Rule

11 colloquy) (citing *United States v. Barker*, 514 F.2d 208, 223 (D.C. Cir. 1975)).  "A motion

that can succeed only if the defendant committed perjury at the plea proceedings may be rejected

out of hand unless the defendant has a compelling explanation for the contradiction."  S*hah*, 453

F.3d at 523 (citation and internal quotation omitted).  Not only has Defendant failed to offer "a

compelling explanation"; he has offered no explanation at all.  Moreover, Defendant's

acknowledgment, under oath, that he knew that his counsel's prediction regarding the sentence

was not a promise that the court would actually impose the sentence counsel predicted "weakens

[Defendant's] claim that those predictions were at the root of his decision to plead guilty."

*Sibblies*, 562 F. Supp. 2d at 6 (citation omitted).


### The authorities on which Defendant and the government rely are inapposite

The court has considered all of the cases cited by Defendant and the government, and

finds that none of them is applicable.  Indeed, Defendant and the government have undertaken no

discussion at all of the vast body of law of this Circuit governing motions to withdraw guilty

pleas.  Nonetheless, the court will discuss herein the authorities on which the parties appear to

principally rely.

In support of its motion to withdraw the guilty plea, Defendant first cites *United States v. Hairston*, 522 F.3d 336 (4th Cir. 2008). In *Hairston*, the defendant was not informed at the time of the Rule 11 colloquy that he would be considered an "armed career criminal under 18 U.S.C. § 924(e)" and thus would face an additional mandatory minimum sentence of 15 years. *Id.* at 340. Section 924(e) imposes a mandatory minimum sentence of fifteen years for a violation of 922(g) if the defendant has three previous qualifying convictions. *Id.* at 338. The court noted that the defendant's expectations in that instance were the difference between 30 years imprisonment and 45 years imprisonment, and thus the plea was not knowingly and intelligently made. *See id.* at 341. In the instant case, however, Defendant was aware at the time of sentencing that he could face up to one year in prison. *See* Plea Hearing Transcript at 9. In *Hairston*, the defendant faced an unanticipated additional 15 years of incarceration. Moreover, in *Hairston*, the mandatory term of imprisonment was set forth in a separate statute – the defendant pled guilty to a violation of section 922(g), and the applicable mandatory minimum provision is set forth in 924(e). In this case, however, the penalty provision is set forth in the same statute.

Defendant further relies on the holding in *United States v. Goins*, 51 F.3d 400 (4th Cir. 1995). In that case, the Fourth Circuit held that the district court erred when it did not inform the defendant that he faced a mandatory minimum sentence. *Goins*, 51 F.3d at 405 (4th Cir.1995). The court held that "there is no evidence in the record that [defendant] was aware that he was subjecting himself to a mandatory five year sentence by pleading guilty." *Id.* at 404. In *Goins*, even after defendant's counsel received the presentence report which mentioned the mandatory minimum sentence, defendant requested a sentence "within the guideline range of 33 to 41

months." *Id.* The government responded by stating that "the guideline range is 60 months because that's the statutory minimum." *Id.* Here, however, unlike in *Goins*, the mandatory minimum sentence did not exceed the high end of the Sentencing Guidelines range.

In *United States v. Johnson*, 1 F.3d 296 (5th Cir. 1993), the court noted that the defendant was illiterate and therefore defense counsel took additional measures – on the record – to ensure that his client understood the consequences of pleading guilty. *See United States v. Johnson*, 1 F.3d 296, 299 n.9. The standard applied by that court was "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Id.* at 302. By contrast, Defendant, in this case, is an attorney. There is a great disparity in educational background between the defendant in *Johnson* and Defendant here; in any event, the defendant in *Johnson* was not permitted to withdraw his plea.

The Eleventh Circuit found that the district court violated the defendant's substantial rights when the court failed to inform the defendant that there was a mandatory minimum period of five years incarceration. *United States v. Hourihan*, 936 F.2d 508-510 (11th Cir. 1991). In that case, language regarding the five-year mandatory minimum sentence appeared in the presentence investigation report, and, according to the record in that case, that was the first time that the defendant learned of the statute's requirement. *Id.* at 509. Defendant submits that, like the defendant in *Hourihan*, he only became aware that he had "potentially exposed himself to a mandatory minimum sentence after he received his [Presentence Investigation Report], which, . . ., was submitted well after the plea proceeding." Motion to Withdraw Plea of Guilty at 6. The court rejected the government's contention that by advising a defendant of a sentencing range

there is an implication of a mandatory minimum if such a sentence falls within the range.  In

*Hourihan*, the defendant moved to withdraw the guilty plea before the sentence was imposed and

so such a motion would be granted upon a showing by the defendant of a "fair and just reason."

*Id.*  The court found in the defendant's favor and the defendant was allowed to plead anew

because "the record was not clear whether the court directed the defendant to the relevant portion

of the indictment, or that she understood or had even read the relevant portion of the indictment;

and . . . defendant was [not] advised of the mandatory minimum sentence until she received the

Presentence Investigation Report."  *Id.* at 510 n.3.  Here, Defendant was directed to the

Information and indicated that he understood the charge – which did not occur in *Hourihan*.

The Seventh Circuit held that the trial court failed to advise the defendant of the

maximum penalties and the mandatory minimums likely applicable in the case.  *See United*

*States v. Padilla*, 23 F.3d 1220, 1222 (7th Cir. 1994).  In *Padilla*, the trial court had already

sentenced the defendant.  In reaching its decision, the court identified several deficiencies in the

plea agreement itself.  *Id.* at 1221.  The court also noted that "failure to inform a defendant about

applicable mandatory minimums can be, but is not necessarily, a serious oversight."  *Id.* at 1222.

The court affirmed the defendant's conviction.[8]  In this case, neither party suggests that there are

any deficiencies in the plea agreement.

The Eighth Circuit held that any error caused by the district court's failure to advise the

defendant of statutory maximum and minimum sentences to which he was subject was harmless.

*United States v. Young*, 927 F.2d 1060 (8th Cir. 1991).  In *Young*, the court accepted the plea

---

[8]  The court noted that the defendant no longer wished to have his conviction vacated as the basis for affirming the
sentence.

since there was an indication on the record that the defendant understood the nature and charges

against him.  *Id.* at 1061.  Similarly, in this case, Defendant made it clear that he understood the

nature of the charge against him:

> THE COURT: Do you understand that charge that is alleged in the
> Information?
>
> THE DEFENDANT: I do, Your Honor.

*See* Plea Hearing Transcript page 9, line 4 through line 5.  However, in *Young*, the defendant

claims that at no time was he advised of the maximum or minimum terms of incarceration.

*Young*, 927 F.2d at 1061.  Here, however, Defendant was advised by the court of the maximum.

*See* Plea Hearing Transcript page 9 line 10 through line 14.  In *Young*, the government argued

harmless error under Rule 11(h).[9]  *Id.*  Moreover, the district court asked the defendant in *Young*,

whether he "had read, understood and discussed with counsel the plea agreement."  *Id.* at 1062.

Similarly, the Court made an inquiry to Defendant regarding his knowledge of the contents of the

plea agreement.  At the plea hearing, the following occurred:

> THE COURT: Does the letter accurately state your understanding of the
> agreement between you and the government?
>
> THE DEFENDANT: Yes, it does, Your Honor.

*See* Plea Hearing Transcript page 12, line 20 through line 23.  The court found that where it

appears from the record that the defendant knew of the statutory penalties, then the Rule 11 error

was harmless.  *Young*, 927 F.2d at 1060.  This court finds that Defendant in this action likewise

was cognizant of the penalties.

---

[9]  The court notes that prior to its amendment in 1983, the automatic remedy for Rule 11 violations under *McCarthy v. United States*, 394 U.S. 459, 471-72 (1969) was to allow the defendant withdraw his plea.

Defendant cites but one case from the District of Columbia Circuit. In *United States v. Watley*, 987 F.2d 841 (D.C. Cir. 1993), this Circuit held that the trial court erred in denying the defendant's presentence motion to withdraw the plea, and that the erroneous advice at the time of the hearing was a fair and just reason to allow withdrawal. The Circuit stated that "it was understood by the court and counsel, and conveyed to [the defendant] at the time of his plea, that [the defendant] faced a potential maximum period of imprisonment of ten years." *Id.* at 842. The court further noted that "it was not understood by any plea hearing participant, however, that the maximum was also the minimum, . . . , that the court, applying the current sentencing regime to the plea, would have no discretion to exercise but would be obliged to impose a ten year prison term and nothing less." *Id.* In *Watley*, the expectation was the court would set his sentence at a figure between five and ten years. *Id.* Here, however, the mandatory minimum of one month is within the applicable Sentencing Guidelines range.

In *Watley*, the trial court exhibited concern regarding how much time the defendant thought he would receive. *Id.* at 844. In fact, the defendant was inconsistent in his responses to the court which prompted the court to have the defendant discuss the matter further with counsel. *Id.* As was the case in *Johnson*, the court in *Watley* noted there were questions about the defendant's range of intelligence. However, there were no such questions can be raised here.


**CONCLUSION**

Defendant has failed to demonstrate, in accordance with the law of this Circuit, a basis which warrants the grant of his motion to withdraw his plea of guilty to a violation of 2 U.S.C. § 192. While the court indeed neglected to inform Defendant of the mandatory minimum penalty

provision, the provision is plainly included in the statute; Defendant does not claim that he was

unaware of the provision, but maintains only that he "believed that it was possible that I could be

sentenced to probation." Defendant, through the plea agreement and under oath on the record,

acknowledged that he could be sentenced to a period of incarceration of as long as one year, and

that he could not withdraw his plea should the sentence ultimately imposed be more severe than

the one which he contemplated. The authorities on which Defendant and the government rely do

not support Defendant's request to withdraw his plea.

Defendant did not request a hearing on his motion to withdraw his plea of guilty; in any

event, no hearing would be required, since Defendant "has failed to present any affidavits or

other evidentiary support for the naked assertions contained in his motion." *See Sibblies*, 562 F.

Supp. 2d at 2-3 (citation and internal quotations omitted).

Finally the court observes "that Defendant has not "asserted a viable claim of

innocence[.]" *Berkeley*, 567 F.3d at 708 (citations omitted). Rather, counsel have acknowledged

that "[t]he parties are currently in the process of negotiating another plea agreement, pursuant to

which the defendant would plea guilty to a different offense should the Court grant the

defendant's motion to withdraw his plea." Government's Motion to Withdraw its Motion to

Reconsider the Court's February 2, 2011 Memorandum Opinion at 3, n.2. Confidence in the fair

and orderly administration of justice is undermined by the suggestion that the court should

participate in a process by which a sentence is first determined by Defendant and the

government, and then an offense expected to guarantee such sentence is alleged.

It is, therefore, this 9th day of March, 2011,

**ORDERED** that Defendant's Unopposed Motion to Withdraw Guilty Plea (Document

No. 37) is **DENIED.**

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge
