# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| SCOTT J. BLOCH, |
| Defendant. |

Magistrate No. 10-0215M-01
DAR

## MEMORANDUM OPINION AND ORDER
(Denying Defendant's Corrected Motion for Reconsideration
of the Court's March 9, 2011 Memorandum Opinion and Order)

By a 21-page Memorandum Opinion and Order filed on March 9, 2011 (Document No. 47), the court denied Defendant's motion to withdraw his plea of guilty, pursuant to an 8-page written agreement between him and the United States Attorney, to a one-count Information by which he was charged with contempt of Congress in violation of 2 U.S.C. § 192. *United States v. Bloch*, No. 10-0215M-01, 2011 WL 833641, at *1 (D.D.C. March 9, 2011).[1] On March 10, this matter was called for the scheduled sentencing hearing; at that time, the court continued the sentencing, at the request of Defendant, "so that [Defendant] may evaluate the Court's Opinion and consider his legal options in light of the Court's denial of [his] Unopposed Motion to Withdraw Guilty Plea." Defendant's Unopposed Motion to Continue Sentencing (Document No. 48); *see also* 03/10/2011 Minute Entry. On the record on March 10, Defendant, through his counsel, advised that the "legal options" he had preliminarily identified were (1) "simply . . . to

---

[1] The context relevant to the filing by Defendant of the motion to withdraw his guilty plea is exhaustively discussed in that published opinion, as well as in *United States v. Bloch*, No. 10-0215M-01, 2011 WL 321118, at *1 (D.D.C. February 2, 2011), in which the court held that 2 U.S.C. § 192 provides for a mandatory minimum sentence of one month.

proceed to sentencing"; (2) "a motion for reconsideration," "or" (3) "perhaps an immediate appeal." The court continued the sentencing to March 14 at 2:30 p.m., and ordered that Defendant file any motion for reconsideration by 12:00 p.m. on that day.

Defendant filed a motion for reconsideration on March 14 in advance of the deadline. *See* Defendant's Motion to Reconsider the Court's Denial of Defendant's Unopposed Motion to Withdraw His Guilty Plea (Document No. 49). The court, upon a preliminary review of the motion in advance of the 2:30 p.m. hearing, observed that the sole opinion cited by Defendant as the authority pursuant to which he moved for reconsideration – an opinion in which the District of Columbia Circuit refined its articulation of the standard governing motions for reconsideration of final judgments in civil cases pursuant to Rule 59(e) of the Federal Rules of Civil Procedure – was, standing alone, inapplicable to a motion for reconsideration of a motion to withdraw a guilty plea in criminal case.[2] Accordingly, the court ordered Defendant, by March 15, to supplement his motion for reconsideration by providing applicable authority for it. The court also fixed dates for the government to file its opposition or other response, and for Defendant to file his reply.

On March 15, Defendant filed both Defendant's Corrected Motion to Reconsider the Court's Denial of Defendant's Unopposed Motion to Withdraw His Guilty Plea (Document No. 50) ("Defendant's Motion for Reconsideration"), and Defendant's Supplemental Memorandum in Support of His Motion to Reconsider the Court's Denial of Defendant's Unopposed Motion to

---

[2] *See* Defendant's Motion to Reconsider the Court's Denial of Defendant's Unopposed Motion to Withdraw His Guilty Plea at 2 (citing *Ciralsky v. CIA,* 355 F.3d 661 (D.C. Cir. 2004)). In *Ciralsky,* the Circuit reviewed the district court's denial of the plaintiff's motion to alter the judgment of dismissal under Rule 59(e) of the Federal Rules of Civil Procedure, and held that the court did not abuse its discretion in denying the plaintiff's motion.

Withdraw His Guilty Plea (Document No. 51) ("Defendant's Supplemental Memorandum").[3]
The government filed its response to the motion, and Defendant filed his reply. *See*
Government's Response to Defendant's Motion to Reconsider the Court's Denial of Defendant's
Motion to Withdraw His Guilty Plea (Document No. 52) ("Government's Response");
Defendant's Reply in Support of His Unopposed Motion to Reconsider the Court's Denial of
Defendant's Motion to Withdraw His Guilty Plea (Document No. 53) ("Defendant's Reply").

Upon consideration of the pending motion for reconsideration, the government's response thereto, the Defendant's reply and the entire record herein, the motion will be denied.

**DISCUSSION**

### *No authority expressly provides for the filing of a motion for reconsideration of the court's March 9, 2011 Memorandum Opinion and Order*

Defendant initially relied solely upon *Ciralsky* as authority for filing the motion for reconsideration of the court's March 9, 2011 Memorandum Opinion and Order denying his motion to withdraw his guilty plea.[4] In the supplemental memorandum filed in accordance with the court's directive, Defendant principally relies upon *United States v. Sibblies,* 562 F. Supp. 2d 1 (D.D.C. 2008), and *United States v. Cabrera,* 699 F. Supp. 2d 35 (D.D.C. 2010), as authority for filing a motion for reconsideration of the court's order denying Defendant's motion to withdraw his guilty plea. *See* Defendant's Supplemental Memorandum at 2-3. However, the

---

[3] Counsel for Defendant explains that "[a]fter filing the Motion to Reconsider the Court's Denial of Defendant's Unopposed Motion to Withdraw His Guilty Plea, [he] noticed that it contained an incomplete sentence in the first full paragraph of page 6[,]" and that "[a]ccordingly, . . . counsel submits this Corrected Motion." Because the Corrected Motion was filed solely to remedy a typographical error in the motion filed on March 14, the Clerk of the Court terminated the motion filed on March 14. *See* 03/28/2011 ECF Entry (Court only).

[4] *See* n.2, *supra.*

undersigned finds that Defendant's citation of those opinions is devoid of context. In *Sibblies*, the court observed that although the defendant "presents the same arguments . . . that he made in his initial motion to withdraw [his guilty plea][,]" he "now presents new allegations of ineffective assistance of counsel, and contends that he is innocent[.]" *Sibblies,* 562 F. Supp. 2d at 2. While the court in *Sibblies* ultimately addressed the merits of the defendant's motion for reconsideration, the court observed that "a second try at a withdrawal by rearguing some previous points and advancing some new ones[] . . . find no safe harbor in motions to reconsider, and [the defendant's motion for reconsideration] deserves to be denied for that reason alone." *Id.* at 4. Read in context, *Sibblies* can hardly be viewed as authority pursuant to which a defendant may move for reconsideration of an order denying a motion to withdraw his guilty plea; in any event, Defendant in this action – unlike the defendant in *Sibblies* – neither claims ineffective assistance of counsel, nor asserts his innocence.

In *Cabrera*, the court observed that "unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure do not provide for motions for reconsideration in criminal cases." *Cabrera,* 699 F. Supp. 2d at 40. The court further observed that "[s]everal of this Court's colleagues nevertheless have determined that motions for reconsideration may be entertained in criminal cases and have adopted the same standard of review that applies to such motions filed in civil cases pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." *Id.* However, in the three opinions which the court surveyed, each court assumed – but did not hold – that it could entertain a motion for reconsideration of an interlocutory decision. *See United States v. Sunia,* 645 F. Supp. 2d 51, 60 (D.D.C. 2009) ("[T]his court assumes, as it has in the past, that it can consider such a motion in a criminal case.") (citation omitted); *United States v.*

*Booker,* 613 F. Supp. 2d 32, 34 (D.D.C. 2009) (while "the Supreme Court has 'recognized the appropriateness' of motions for reconsideration in criminal cases, such motions "are not mandated by the Federal Rules of Criminal Procedure[.]") (citation omitted); *United States v. Ferguson,* 574 F. Supp. 2d 111, 112 (D.D.C. 2008) ("Although the Federal Rules do not specifically provide for motions for reconsideration in criminal cases, the Supreme Court has recognized, in *dicta,* the utility of such motions.") (citation omitted).[5]  The *Cabrera* court also considered its own opinion in *United States v. Pollard,* 290 F. Supp. 2d 153 (D.D.C. 2003), by which the court evaluated a motion for reconsideration of an order denying a motion for relief pursuant to Section 2255 of Title 28 of the United States Code.  The *Cabrera* court quoted a passage from its earlier opinion: "[M]otions to reconsider . . . apply only to 'extraordinary situations' and 'should be only sparingly used[]'"; "[i]ndeed, '[t]here must be an end to litigation someday . . . .'"  *Pollard,* 290 F. Supp. 2d at 157 (citations omitted).

In sum, while judges of this court have, on occasion, entertained motions for reconsideration of  interlocutory orders in criminal cases, no Federal Rule of Criminal Procedure, or Local Criminal Rule of the United States District Court for the District of Columbia, provides for such motions.  The undersigned finds that although the pending motion is styled a "Motion to Reconsider[,]" it is effectively an effort "[to] rehash[] previously rejected arguments" regarding both the finding that the offense to which Defendant pled guilty carries a mandatory minimum sentence, and the order denying Defendant's motion to withdraw his guilty plea.  *See Ferguson*,

---

[5] The Supreme Court decision which the *Booker* and *Ferguson* courts considered was *United States v. Healy*, 376 U.S. 75 (1964).  However, the issue addressed by the Supreme Court in *Healy*, apart from the merits of the appeal, was whether the filing of a petition for rehearing extended the time for noting an appeal of a final order.  *Healy*, 276 U.S. at 80.  It was in that context that the Supreme Court observed that "[w]e have recently recognized the appropriateness of petitions for rehearing by the United States in criminal cases," and that the Court's practice "has been to treat such petitions as having the same effect on the permissible time for seeking review as do similar petitions in civil cases and in criminal cases in which the Government has won below."  *Id.* at 78-79 (citation omitted).

574 F. Supp. 2d at 113 (citations and internal quotations omitted).

### *Defendant has failed to demonstrate that reconsideration is warranted*

The absence of a rule providing for the filing of a motion for reconsideration of an interlocutory order in a criminal action notwithstanding, the court nonetheless will evaluate the merits of Defendant's motion.

The court's evaluation proceeds in accordance with the "as justice requires" standard. *See Sunia,* 643 F. Supp. 2d at 61. "'As justice requires' indicates concrete considerations by the [C]ourt . . . [which] include whether the Court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *Id.* (citations and internal quotations omitted).[6] "[F]or justice to require reconsideration, logically, it must be the case that[] some sort of 'injustice' will result if reconsideration is refused[]"; in other words, "the movant must demonstrate that some harm . . . would flow from a denial of reconsideration." *Id.* (citation and internal quotations omitted).

Evaluation of a motion for reconsideration pursuant to this standard proceeds "subject to the caveat that, where litigants have once battled for the Court's decision, they should [not], . . .

---

[6] The *Sunia* court noted that after previously applying in a criminal action the standard governing motions for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, it later determined that the "as justice requires" standard should govern any request for reconsideration of an interlocutory order in a criminal action. *Sunia,* 643 F. Supp. 2d at 60-61 (citations omitted). While other judges of this court have articulated the standard differently, this court finds, in the context of this action, that the difference is of no practical significance. *See, e.g., Booker*, 613 F. Supp. 2d at 34 (party moving for reconsideration "must demonstrate either that (1) there has been an intervening change in controlling law, (2) there is new evidence, or (3) there is a need to correct clear error or prevent manifest injustice.") (citations omitted); *Sibblies,* 562 F. Supp. 2d at 4 (motions to reconsider "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice[.]") (citations omitted).

without good reason[,] [be] permitted to battle for it again." *Sunia,* 643 F. Supp. 2d at 61 (citation and internal quotations omitted); *see also Cabrera,* 699 F. Supp. 2d at 41 (a motion for reconsideration "is not a second opportunity to present argument upon which the Court has already ruled, nor is it means to bring before the Court theories or arguments that could have been advanced earlier.") (citations and internal quotations omitted); *Booker,* 613 F. Supp. 2d at 34 ("Arguments that could have been, but were not, raised previously and arguments that the court has already rejected are not appropriately raised in a motion for reconsideration.") (citations omitted). Likewise, a motion for reconsideration of an interlocutory order in a criminal case is not a vehicle for the proffer of evidence which was available when the motion determined adversely to the movant was filed, but, for unexplained reasons, was not proffered at that time. *See, e.g., Cabrera*, 699 F. Supp. 2d at 41 (a motion for reconsideration "is [not] a means to bring before the Court theories or arguments that could have been advanced earlier.") (citations and internal quotations omitted); *Ferguson*, 574 F. Supp. 2d at 113 ("Reconsideration is not an appropriate form for . . . arguing matters that could have been heard during the pendency of the previous motion.") (citations and internal quotations omitted); *cf. Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is not an opportunity "[to] . . . present evidence which was available but not offered at the original motion[.]") (citation omitted).

Defendant does not suggest that the court "'patently' misunderstood the parties," or "made a decision beyond the adversarial issues presented[]"; nor does Defendant suggest that "a controlling or significant change in the law has occurred." *See Sunia,* 643 F. Supp. 2d at 61. Thus, it is only the third of the four considerations relevant to the evaluation of a motion for

reconsideration – whether the court "made an error in failing to consider controlling decisions or data" – which the court must evaluate consistent with the "as justice requires" standard. *See id.*

The court finds that Defendant has failed to show that the court "made an error in failing to consider controlling decisions or data[.]" Defendant blithely proclaims that the court "fail[ed] to discuss in its Memorandum Opinion – or even mention – the only two prosecutions in the past twenty years which proceeded under 2 U.S.C. § 192: <u>United States v. Miguel O. Tejada</u>, Cr. 09-mj-077-01, and <u>United States v. Elliot Abrams</u>, Cr.-91-575 (AER)[]" (*see* Defendant's Motion for Reconsideration at 4). However, Defendant's proclamation is belied by the record: the court has, in fact, considered both of those prosecutions:

> The imposition of a sentence of probation by two judges of this Court in prosecutions of defendants for violations of 2 U.S.C. § 192 ( *see, e.g.*, Supplemental Memorandum in Aid of Sentencing at 2-3) is of no moment, as no published opinion indicates what, if anything, those judges decided regarding a mandatory minimum sentencing provision. In the published opinion with respect to the earlier of the two cases, *In re Abrams*, 662 A.2d 867 (D.C. 1995) (reversed on other grounds), the District of Columbia Court of Appeals considered only the extent of its power, if any, to impose disciplinary sanctions, by reason of conduct which violated 2 U.S.C. § 192, after the respondent had been granted an unconditional pardon for his conduct; the District of Columbia Court of Appeals noted only in passing that respondent had been sentenced by a judge of this Court to probation. In the more recent of the two prosecutions, *United States v. Tejada*, Magistrate No. 09-0771-01, no published opinion or ECF entry reflects any consideration of whether or not the statute includes a mandatory minimum sentencing provision.

*Bloch*, 2011 WL 321118, at *6 n.6. Defendant's disagreement with the court's conclusion that neither prosecution constitutes precedent for any decision this court must make does not warrant a finding that the court "fail[ed] to consider controlling decisions or data[.]"

The court finds that Defendant's claim that "the Plea Agreement contemplated eligibility for probation" (Defendant's Motion for Reconsideration at 4) is equally specious. No such provision is included in the plea agreement; moreover, Defendant "acknowledge[d] that [his] entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range." Plea Agreement (Document No. 3) at 5.[7] On the record, Defendant under oath, denied that he was promised what sentence would be imposed:

> THE COURT: Has anyone promised you what sentence will actually be imposed?
>
> THE DEFENDANT: No one has promised me that, Your Honor.

*Bloch*, 2011 WL 833461, at *7.

Finally, the proffer of the advice of counsel, offered, for the first time, through the affidavit of one of the lawyers who represented Defendant (*see* Affidavit of Ryan R. Sparacino, Esq. ("Sparacino Affidavit") (Document No. 49-1)), is of no moment. Consideration of the affidavit readily could be foreclosed by the settled proposition that a motion for reconsideration, no matter the standard, is not an occasion "[to] . . . present evidence which was available but not offered at the original motion[.]" *Niedermeier*, 153 F. Supp. 2d at 28 (citation omitted). Not only did Defendant omit the affidavit of counsel from his motion to withdraw his guilty plea; in his initial submission, he offered no evidence at all, and did not provide his own sworn statement

---

[7] Defendant and the government "stipulated" that the applicable Sentencing Guidelines range is "0 to 6 months[.]" Plea Agreement at 5. The parties indicated that "[i]t is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound . . . as to the parties' determination of the applicable Guidelines range, or other sentencing issues." *Id.* at 4.

until he filed his reply memorandum. *Bloch*, 2011 WL 833641, at *3.

In any event, the court finds that in this instance, Defendant's belated reliance on the advice of counsel is misplaced, since Defendant has not sought to withdraw his guilty plea on the ground of ineffective assistance of counsel. *Cf. United States v. Orleans-Lindsay*, 572 F. Supp. 2d 144, 176 (D.D.C. 2008) ("Thus, a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards for constitutionally effective assistance of counsel[.]") (citations and internal quotations omitted).

To the extent which the affidavit of counsel has probative value at all in this context, it is that it serves to highlight the court's finding that Defendant was aware that the offense to which he pled guilty was one for which a mandatory minimum sentence was provided. *Bloch*, 2011 WL 833641, at *7. Indeed, Defendant's counsel acknowledges that he noted the mandatory sentencing provision, and advised Defendant of it:

> At some point . . . , I re-reviewed the language of 2 U.S.C. § 192 for other purposes. In the course of this re-review, it occurred to me that it was theoretically possible that someone could wrongly construe the language of the statute to suggest that a guilty plea under 2 U.S.C. § 192 was not probation-eligible. * * * After spending approximately thirty minutes thinking about the issue and re-reviewing relevant materials I walked down to Mr. Sullivan's office and explained the potential issue to him. * * * Mr. Sullivan then thanked me for raising the issue and suggested that I update Mr. Bloch accordingly. * * * I specifically told Mr. Bloch that it was our considered opinion that 2 U.S.C. § 192 was a probation-eligible offense, notwithstanding the alternative interpretation which Mr. Sullivan and I viewed to be clearly wrong.

Sparacino Affidavit ¶¶ 12-13. Counsel's advice that the court was not likely to impose the

mandatory minimum sentence simply because two other judges apparently had not done so is not germane to any issue now before the court.[8]

**CONCLUSION**

For all of the foregoing reasons, it is, this 29th day of March, 2011,

**ORDERED** that Defendant's Corrected Motion to Reconsider the Court's Denial of Defendant's Unopposed Motion to Withdraw His Guilty Plea (Document No. 50) is **DENIED.**

                                                                           /s/
                                                                DEBORAH A. ROBINSON
                                                                United States Magistrate Judge

---

[8] The court finds that the United States Attorney's "belie[f] . . . that the charge was probation-eligible[]" (*see* Government's Response at 3) is equally irrelevant to the determination of either Defendant's motion to withdraw his plea, or the pending motion for reconsideration.