UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

SCOTT J. BLOCH,

   Defendant.

Magistrate No. 10-0215M-01
DAR

**ORDER**

On March 30, 2011, Defendant appeared before the court for sentencing, having pled guilty to a violation of 2 U.S.C. § 192 pursuant to an agreement between Defendant and the United States. At the conclusion of the sentencing hearing, the court imposed a sentence which included, *inter alia,* a period of incarceration of one month. *See* 03/30/2011 ECF entry. Later on the same day, Defendant filed "Defendant's Unopposed Emergency Motion for Stay of Imposition of Sentence Pending Appeal" ("Defendant's Motion for Stay") (Document No. 55).

The Court's effort to promptly rule on the motion has been hampered by the near-complete failure of counsel to articulate Defendant's request, address the context in which it arises, or cite the applicable law. First, the court observes that Defendant requests a stay "of *imposition* of sentence pending appeal[.]" Defendant's Motion for Stay at 1. Inasmuch as sentence already has been imposed, the imposition of sentence cannot be stayed.[1] In any event, while the rules governing sentencing in the Superior Court of the District of Columbia provide

---

[1] 03/30/2011 ECF entry; *see also* Judgment (Document No. 60) at 2-5.

for the suspension of the imposition of sentence (*see* D.C. Code § 16-710 (2001)), the rules governing sentencing in the United States District Courts do not.

Next, the court finds that Defendant did not clearly articulate what "appeal" he intends to pursue until he supplemented the memorandum in support of his motion in accordance with the court's order.[2]  The instruction that Defendant do so was not intended as an academic exercise: as the court noted in the March 31, 2011 Order, Defendant agreed that he "will not file a direct appeal of any sentence within the Stipulated Guidelines Range[.]"  March 31, 2011 Order at 2 (citing Plea Agreement (Document No. 3) ¶ 10).

Moreover, during the Rule 11 colloquy, Defendant stated, on the record and under oath, that he understood that he would waive his right to appeal his conviction by pleading guilty:

> THE COURT: Do you know that by pleading guilty you will give up your right to appeal your conviction to a higher court?
>
> THE DEFENDANT: Yes, Your Honor.

Transcript of Plea Hearing (Document No. 37-1) at 8 (line 3 through line 8).

To the extent that Defendant regards the court's February 2, 2011 memorandum opinion as an appellate issue (*see* Defendant's Supplemental Memorandum in Support of His Unopposed Emergency Motion for Stay of Imposition of Sentence Pending Appeal ("Defendant's Supplemental Memorandum") (Document No. 57) at 8-9), the time for an interlocutory appeal of the memorandum opinion has long since passed.  *See* FED.R.CRIM.P. 58(g)(2)(A) (providing that "[e]ither party may appeal an order of a magistrate judge to a district judge within 14 days of its

---

[2]  March 31, 2011 Order (Document No. 56) at 1-2.

entry if a district judge's order could similarly be appealed.").[3]

Finally, the court observes that Defendant now raises an issue with respect to the court's denial of his motion to withdraw his plea of guilty which he never raised at any point during the briefing of either his motion to withdraw his plea, or his motion for reconsideration of the court's denial of his motion to withdraw his plea: after moving to withdraw his plea of guilty solely on the ground that the court erred in its conduct of the Rule 11 colloquy,[4] Defendant now submits that his plea was "*[not] knowing, intelligent and voluntary,*" and thus "*was offensive to the [Constitution][.]*" Defendant's Supplemental Memorandum at 5 (emphasis supplied); *but see* Government's Response to Defendant's Supplemental Memorandum in Support of His Emergency Motion for Stay of Imposition of Sentence Pending Appeal (Document No. 58) at 1-2 ("[D]efendant's appeal is presently limited to the Court's alleged Rule 11 violation[.]"). Since Defendant did not previously raise this issue, and the court thus had no occasion to rule with respect to such issue, the availability of an "appeal" of the issue is not readily apparent.[5]

**CONCLUSION**

While Rule 38(b)(1) provides that "if the defendant is released pending appeal, the court

---

[3] The United States Attorney ultimately withdrew his request for reconsideration of the memorandum opinion. *See* Government's Motion to Withdraw Its Motion to Reconsider the Court's February 2, 2011 Memorandum Opinion (Document No. 36).

[4] "[Defendant] seeks to withdraw his plea on the grounds that he was not advised of the purported mandatory sentence prescribed by § 192, as required by Rule 11, prior to entering his plea." Defendant's Unopposed Motion to Withdraw Guilty Plea (Document No. 37) at 1 n.1.

[5] "Because *Defendant does not offer [absence of voluntariness] as a basis of his motion to withdraw his plea*, the court will not undertake any consideration herein of [whether Defendant's plea was voluntary]." *United States v. Bloch*, No. 10-0215M-01, 2011 WL 833641, at *3 n.5 (emphasis supplied).

United States v. Bloch                                                                                                              4

must stay a sentence of imprisonment," Defendant's request is not for a stay of "a sentence of imprisonment," but for a stay "[of] the imposition of sentence." Defendant's Motion for Stay at 5. Thus, Rule 38(b)(1) is inapplicable to Defendant's express request. Moreover, Defendant has waived an appeal of both his conviction and "any sentence within the Stipulated Guidelines Range[.]" Plea Agreement ¶ 10. Finally, the time for an interlocutory appeal of the court's determination with respect to the mandatory minimum sentencing provision included in 2 U.S.C. § 192 has long since passed, and the issue just identified by Defendant was never previously raised. However, to the extent which the law provides for a stay of a sentence of imprisonment where a defendant is released pending appeal, the court, *sua sponte*, will grant such stay.

It is, therefore, this 6th day of April, 2011,

**ORDERED**, pursuant to Rule 38(b)(2) of the Federal Rules of Criminal Procedure, that Defendant's sentence of imprisonment is stayed pending any appeal;[6] and it is

**FURTHER ORDERED** that "Defendant's Emergency Motion for Stay of Imposition of Sentence Pending Appeal" (Document No. 55) is **DENIED AS MOOT**.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[6] As of the filing of this Order, no notice of appeal appears among the ECF entries.