UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
            v.                      )
                                    )   **Crim. No. 10-mj-215 (DAR)**
**SCOTT J. BLOCH,**                 )
                                    )
            Defendant/Appellant.    )
_____)

## MEMORANDUM OPINION & ORDER

Before the Court is defendant Scott Bloch's appeal [70] of the Magistrate Judge's denial [47] of his unopposed motion to withdraw his guilty plea [37], or alternatively, of the Magistrate Judge's denial [54] of his motion to reconsider [50]. The government does not oppose [72] defendant's appeal of the denial of his unopposed motion to withdraw his guilty plea. In light of the government's lack of opposition, and upon consideration of the appeal, the response thereto, the entire record herein, and the applicable law, the Court REVERSES the Magistrate Judge's denial [47] of defendant's unopposed motion to withdraw his guilty plea.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2010, the government charged defendant by Information with one count of misdemeanor Contempt of Congress in violation of 2 U.S.C. § 192. On April 27, 2010, the government and defendant reached a plea agreement in which defendant agreed to plead guilty to misdemeanor Contempt of Congress in violation of 2 U.S.C. § 192, in exchange for the government's promise "not to oppose a sentence at the low end of the applicable Guidelines range," which the agreement calculated as "0 to 6 months." Plea Agreement 3–4 [3]. The agreement indicated that "the charge carries a maximum sentence of not more than twelve

1

months' imprisonment, a maximum fine of $100,000, and a $25 special assessment," but did not otherwise inform defendant of any mandatory minimum sentence. *Id.* at 1.

On April 27, 2010, Magistrate Judge Deborah Robinson conducted defendant's plea hearing. At no time during the Rule 11 plea colloquy did the Magistrate Judge inform defendant that he faced a one-month mandatory minimum period of incarceration for pleading guilty to 2 U.S.C. § 192. *See* Tr. of Apr. 27, 2010 Plea Hr'g. And as both defendant and the government argue, the Magistrate Judge's reference to imprisonment during the plea colloquy suggested that a period of incarceration was optional rather than mandatory. *See id.* at 9 ("Do you understand . . . that *if* you are sentenced to a period of incarceration, you will not be released early on parole?") (emphasis added). Indeed, the Magistrate Judge herself acknowledges that she failed to inform defendant that he was subject to a mandatory minimum sentence as part of his plea. *See* Mem. Op. and Order 9 [47] ("While the court neglected during the 45-minute Rule 11 colloquy to inform Defendant of the mandatory minimum penalty provision for the offense to which he wished to plead guilty . . ."). After conducting the colloquy, verifying that defendant had not been coerced into signing the plea agreement, and hearing the factual proffer, the Magistrate Judge accepted defendant's plea.

Prior to defendant's scheduled sentencing date, the U.S. Probation Office prepared a draft presentence investigation (PSI) report indicating that 2 U.S.C. § 192 carried a "minimum term of imprisonment [of] one month." Draft Presentence Investigation Report 19 [7]. After reviewing the draft PSI, the government objected that "while 2 U.S.C. § 192 indicates a term of imprisonment of 1 to [12] months, this statute does not make the 1 month of incarceration a mandatory minimum period of incarceration." Final Presentence Investigation Report 23 [8]. On July 13, 2010, the Probation Office issued its final PSI, which—in response to the government's

2

objection—reiterated that 2 U.S.C. § 192 required a "minimum sentence of imprisonment [of] 30 days in a common jail." *Id.* The Magistrate Judge subsequently ordered the parties to brief the issue of whether the statute permitted a sentence of probation. *See* Minute Order, July 23, 2010. In response, the parties submitted a total of four sentencing memoranda [15, 16, 23, 24] in which they argued that the statute constituted a probation-eligible offense and did not mandate incarceration. On September 8, 2010, the Magistrate Judge held a hearing on the issue, during which the government stated that the parties had entered into the plea relying on the joint understanding that the statute was a probation-eligible offense and that, should the Magistrate Judge find otherwise, fundamental fairness would permit defendant to withdraw his plea. Tr. of Sept. 8, 2010 Hr'g 8–9, 19–20, 23 [67]. Several months later, on February 2, 2011, the Magistrate Judge determined that 2 U.S.C. § 192 carried a mandatory minimum sentence of thirty days. *See* Mem. Op. [32].

On February 17, 2011, defendant filed an unopposed motion to withdraw his April 27, 2010 guilty plea, arguing that the Magistrate Judge's Rule 11 colloquy "did not advise him that he was facing a charge that the Court subsequently ruled mandates a minimum sentence." Unopp. Mot. to Withdraw Guilty Plea 1 [37]. The government filed a response confirming that it did not oppose defendant's motion. Gov'ts Resp. to Unopp. Mot. to Withdraw Guilty Plea [39]. On March 9, 2011, the Magistrate Judge denied defendant's unopposed motion. Mem. Op. and Order [47]. In so doing, she found that her failure to inform defendant of the mandatory minimum penalty provision in 2 U.S.C. § 192 was harmless because he was "cognizant of the full extent of the provisions of the statute." *Id.* at 11. She focused on the fact that defendant is a lawyer himself and was represented by counsel, *id.* at 5; that the mandatory minimum provision "is plainly included in the statute [and defendant] does not claim that he was unaware of the

provision," but only that he *believed* that probation was possible, *id.* at 20; and that defendant was advised that he could receive up to one year in prison. *Id.* at 5–6, 9, 12–14, 20. Defendant subsequently filed a motion for reconsideration [49], which the government supported [52]. On March 29, 2011, the Magistrate Judge denied defendant's unopposed motion for reconsideration. Mem. Op. and Order [54].

One day later, the Magistrate Judge held a sentencing hearing during which the parties—arguing that the court had erred in refusing to grant defendant's motion to withdraw—asked that the court sentence defendant to probation. Tr. of Mar. 30, 2011 Sent. Hr'g 14–24 [68]. The Magistrate Judge nevertheless sentenced defendant to a mandatory term of thirty days' incarceration, *see* Minute Order, Mar. 30, 2011, and entered a stay of sentence pending appeal. *See* Order, Apr. 6, 2011 [62]. Defendant timely filed a notice of appeal in this Court under Federal Rule of Criminal Procedure 58(g)(2). *See* Notice of Appeal, Apr. 7, 2011 [63].

## II. STANDARD OF REVIEW

In reviewing the Magistrate Judge's rulings, this Court applies the same standard that a federal appellate court applies when reviewing a district court case. Fed. R. Crim. P. 58(g)(2)(D). Thus, the Court reviews the Magistrate Judge's denial of defendant's motion to withdraw his guilty plea for abuse of discretion. *See United States v. Berkeley*, 567 F.3d 703, 708 (D.C. Cir. 2009) ("We review a district court's refusal to permit withdrawal [of a guilty plea] only for abuse of discretion."). The Court reviews the Magistrate Judge's findings of fact—such as her finding that defendant understood that he faced one month of mandatory incarceration—for clear error. *See, e.g.*, *United States v. Rivera-Gonzalez*, 626 F.3d 639, 643 (1st Cir. 2010) ("The trial court's subsidiary findings of fact in connection with the plea-withdrawal motion are reviewed only for clear error.") (internal citations and quotation marks omitted).

## III.   DISCUSSION

Defendant argues that the Magistrate Judge abused her discretion in denying his withdrawal motion and motion for reconsideration despite her acknowledged violation of Rule 11. He asserts that the record indisputably shows a Rule 11 error in that the Magistrate Judge failed to advise him of the mandatory minimum sentence he later received at sentencing. He further asserts that this error was not harmless, as he "had no knowledge of the mandatory minimum sentence, and if he had, he would not have pleaded guilty." Br. of Def.-Appellant 12–13 [70]. Defendant points to his unrebutted sworn affidavit and to the circumstances surrounding the plea hearing to demonstrate that he was not aware that 2 U.S.C. § 192 carried a mandatory minimum sentence. He contends that the Magistrate Judge's omission "not only rendered his plea legally involuntary, it also defeated the purpose of [his] plea agreement, because both parties agreed that probation was possible and that the Government would recommend a sentence on the low end of the '0 to 6' month range." *Id.* at 13.

The government does not oppose defendant's appeal of the denial of his withdrawal motion. The government agrees—as it has at every stage of the proceedings since defendant's plea colloquy—that the Magistrate Judge's failure to inform defendant that he faced a mandatory minimum sentence constituted a Rule 11 error. The government further argues that the Magistrate Judge's assertion that her error was harmless because defendant must have known that he faced a mandatory minimum sentence "is belied by the record in this case." Gov'ts Resp. to Def.'s Appeal 3 [72]. First, the government states that the record demonstrates that defendant believed he could receive a sentence of probation when he pled guilty on April 27, 2010. The government notes that it "shared this same belief," in part because the U.S. Probation Office had concluded one year earlier that 2 U.S.C. § 192 allowed for a sentence of probation in *United*

5

*States v. Miguel Tejada*, 09-mj-077. *Id.* at 4. In short, the government argues, "it was not unreasonable" for defendant to have believed that he could receive a sentence of probation when he pled guilty. *Id.* The government further states that it "has no reason to doubt the veracity" of defendant's statement that he would not have pled guilty had he understood that he faced one month of mandatory incarceration. *Id.* at 6. Thus, the government asserts, the Magistrate Judge's "Rule 11 error was not harmless and the defendant should therefore have been allowed to withdraw his plea." *Id.*

Federal Rule of Criminal Procedure 11(b)(1) provides, in relevant part, "Before the court accepts a plea of guilty . . . the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and *determine that the defendant understands . . . any mandatory minimum penalty*." Fed. R. Crim. P. 11(b)(1)(I) (emphasis added). Rule 11 further permits a defendant to withdraw a guilty plea after the court accepts the plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Here, there is no dispute that the Magistrate Judge failed to inform defendant during his Rule 11 colloquy that he was subject to a mandatory minimum period of incarceration. *See* Mem. Op. and Order 9 [47] ("While the court neglected during the 45-minute Rule 11 colloquy to inform Defendant of the mandatory minimum penalty provision for the offense to which he wished to plead guilty . . ."). The question for this Court, then, is whether defendant has shown, based on the Magistrate Judge's omission, a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

The D.C. Circuit has stated that—although it reviews a district court's denial of a withdrawal motion only for abuse of discretion—"[w]ithdrawal of a guilty plea prior to sentencing is to be liberally granted, and permitted for 'any fair and just reason.'" *United States*

*v. Taylor*, 139 F.3d 924, 929 (D.C. Cir. 1998). In reviewing a district court's denial of a withdrawal motion, the D.C. Circuit has focused on three factors: "(1) whether the defendant has asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow tainted." *Id.* Here, defendant does not assert a claim of innocence, and the government does not argue that it will be prejudiced if defendant is permitted to withdraw his guilty plea. Thus, the Court will focus on the third factor—which the D.C. Circuit considers the "most important" factor in its analysis. *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993).

As to the third factor, the D.C. Circuit has explained that the standard for withdrawal of a plea is "very lenient when the plea was entered . . . contrary to Rule 11 procedures. Such pleas should almost always be permitted to by withdrawn . . . regardless of whether the movant has asserted his legal innocence." *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). "Thus, when the defendant can show that the initial plea colloquy was not conducted in 'substantial compliance' with [Rule 11], the defendant should 'almost always' be permitted to withdraw his plea." *Ford*, 993 F.2d at 251 (quoting *United States v. Abreu*, 964 F.2d 16, 18 (D.C. Cir. 1992) (per curiam)); *see also United States v. Cray*, 47 F.3d 1201, 1206 (D.C. Cir. 1995) ("The key to this inquiry is whether the plea was entered in accordance with Rule 11. If the plea is defective under Rule 11, then withdrawal should almost always be permitted.") (internal citations and quotation marks omitted).

Not every Rule 11 error justifies withdrawal of a guilty plea. Rather, Rule 11 provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). To determine whether a Rule 11 error has affected a

defendant's "substantial rights," a reviewing court should determine whether the error would have affected the defendant's decision to plead guilty. *United States v. Robinson*, 587 F.3d 1122, 1130 (D.C. Cir. 2009) ("In order to establish that the court's error affected [a defendant's] substantial rights, [] he 'must show a reasonable probability that, but for the error, he would not have entered the plea.'") (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)); *see also United States v. Herndon*, 7 F.3d 55, 58 (5th Cir. 1993) ("Whether the mandatory minimum had an effect on the sentence is not the question[]. The question is *whether awareness of a mandatory minimum would have affected the defendant's decision to plead guilty*.") (emphasis added).

On the basis of the record, the Court finds that defendant—as both he and the government consistently have argued—believed that he could receive a sentence of probation when he pled guilty. First, the plea agreement itself demonstrates that the parties believed that defendant could receive probation. There, the parties stipulated to a sentencing guidelines range of "0 to 6 months" and agreed that a sentence within this range "would constitute a reasonable sentence." Plea Agreement 3 [3]. As the government argued to the Magistrate Judge, the possibility of "0" months implied that the parties understood that "probation was a reasonable sentence in this case." Tr. of Mar. 30, 2011 Sent. Hr'g 17–20 [68]. Defendant confirmed this belief in his sworn affidavit to the Magistrate Judge, stating: "At the time I negotiated my guilty plea to one count of contempt of congress pursuant to 2 U.S.C. § 192, I believed that such an offense was probation-eligible, and I believed that it was possible that I could be sentenced to probation." Def.'s Reply in Supp. of Unopp. Mot. to Withdraw Guilty Plea Ex. A [42-1].

Importantly, the government agrees with defendant that he "had no understanding that he faced one month of mandatory incarceration by pleading guilty." Gov'ts Resp. to Def.'s Mot. to

8

Withdraw 2 [39]. Indeed, the government has argued repeatedly that "both parties entered into the April 27, 2010 plea with the good-faith belief that 2 U.S.C. § 192 was a probation-eligible offense." *Id.* at 3. The parties "shared this same belief" due to precedent on the issue of whether 2 U.S.C. § 192 is a probation-eligible offense. *See* Gov'ts Resp. to Def.'s Appeal 4 [72]; *see also* Gov'ts Mem. in Aid of Sent. 6 n.2 [10] ("The government does not see anything in the Guidelines or the U.S. Code requiring jail time of at least one month, or precluding a sentence of probation for violations of 2 U.S.C. § 192. To this end, *the last two criminal prosecutions of 2 U.S.C. § 192 in this jurisdiction . . . resulted in [a] sentence of probation.*") (emphasis added). As the government explained to the Magistrate Judge, the defendant in *United States v. Miguel Tejada*, 09-mj-077, received a sentence of one year of probation after pleading guilty to Contempt of Congress in violation of 2 U.S.C. § 192—notably, only one year before defendant in this case pled guilty to the very same charge. Gov'ts Supp. Mem. in Aid of Sent. 2 [15]. Similarly, the defendant in *United States v. Abrams*, 91-cr-575, received a sentence of two years of probation after pleading guilty to two counts of Contempt of Congress in violation of 2 U.S.C. § 192. *Id.* at 3–4. In light of the parties' shared belief that probation was possible, the government has maintained that fairness requires that defendant be permitted to withdraw his plea, "because otherwise the plea agreement would not accurately reflect what the parties negotiated and agreed to in good-faith." Gov'ts Resp. to Def.'s Mot. to Withdraw 3 [39].

It is worth noting, moreover, that the Magistrate Judge requested that both parties brief the issue of whether 2 U.S.C. § 192 requires the imposition of a minimum period of incarceration. *See* Minute Order, July 23, 2010. Several months after this request—after the parties had submitted several responsive memoranda, and after the court had held a hearing on the issue—the Magistrate Judge determined that 2 U.S.C. § 192 carried a mandatory minimum
9

sentence of thirty days. *See* Mem. Op., Feb. 2, 2011 [32]. The fact that the court and the parties spent several months discussing the issue demonstrates how unique and contested that issue truly was. And given such confusion, it is reasonable that defendant believed that he could receive a sentence of probation when he pled guilty.

In light of the facts discussed above, the Court finds that the Magistrate Judge clearly erred when she concluded that defendant "was cognizant of the full extent of the provisions of the statute." Mem. Op. and Order 11 [47]. Indeed, the Magistrate Judge's conclusion that defendant's "awareness of the [mandatory minimum] provision cannot be credibly challenged," *id.* at 9, is inapposite. The question here is not whether defendant was *aware* of the statute's provisions, but whether he *understood* that he faced one month of mandatory incarceration by pleading guilty. And as the record demonstrates, both defendant and the government believed that defendant could receive probation.[1]

The Court pauses here to note that 2 U.S.C. § 192 plainly states that misdemeanor Contempt of Congress is "punishable by a fine of not more than $1,000 nor less than $100 *and imprisonment in a common jail for not less than one month* nor more than twelve months." 2 U.S.C. § 192. And as the record confirms, there is no dispute that defendant read the statute under which he was charged in this case. *See* Br. of Def.-Appellant 8 [70]. The Court recognizes that *Tejada* and *Abrams* informed the parties' belief that the statute does not require a mandatory minimum sentence—and not unreasonably so. That said, the Court finds it surprising that *none*

---

[1] The Magistrate Judge, in denying defendant's withdrawal motion, emphasized that defendant was "well aware that he could have been sentenced to a period of incarceration of up to one year." Mem. Op. and Order 9 [47]; *see also id.* at 5–6, 12–14, 20. But defendant's understanding as to the statute's maximum sentence says nothing about whether he believed that probation was available. Nor does the fact that the Magistrate Judge advised defendant as to the statute's maximum sentence cure her failure to inform him of the minimum mandatory sentence.

of the attorneys in this case—neither those for the government, nor those for defendant—questioned such precedent upon reading the statute. This is, at bottom, a situation in which lawyering has fallen short. Again, however, the relevant question is what defendant *believed* when he pled guilty, however inexplicable that belief.

Having found that defendant believed that he could receive probation when he pled guilty, the Court must determine whether he has demonstrated that the Magistrate Judge's Rule 11 error affected his "substantial rights" and thus was not "harmless error." Fed. R. Crim. P. 11(h). That determination comes down to whether defendant has established that the Rule 11 error affected his decision to plead guilty—in other words, that he would not have pled guilty had he understood that he faced a one-month mandatory minimum period of incarceration. *See Robinson*, 587 F.3d at 1130. In his sworn affidavit, defendant states: "If I had been informed that 2 U.S.C. § 192 was not a probation-eligible offense, or that any sentence under 2 U.S.C. § 192 required a mandatory minimum term of incarceration, I would not have pleaded guilty." Def.'s Reply in Supp. of Unopp. Mot. to Withdraw Guilty Plea Ex. A [42-1]. Similarly, defendant's counsel, Ryan Sparacino, has stated in a sworn affidavit:

> I am certain that Mr. Bloch would not have pleaded guilty to a misdemeanor Contempt of Congress offense under 2 U.S.C. § 192 if, prior to the plea hearing, Mr. Sullivan or I had informed him that it was our opinion that 2 U.S.C. § 192 was not probation-eligible, or if [the Magistrate Judge] had informed him during the Rule 11 colloquy that such offense was not probation eligible.

Mot. for Recons. Ex. A, at ¶ 5 [49-1]. The Magistrate Judge, in denying defendant's withdrawal motion, stated that his assertion that he would not have pled guilty is "not entitled to credence" in light of its "contradiction" with his plea agreement and his representations during the Rule 11 colloquy. Mem. Op. and Order 11–14 [47]. Specifically, the court focused on defendant's acknowledgement that the court was not bound by the plea agreement's stipulated sentencing

11

range of 0 to 6 months; that no one had promised him what sentence would actually be imposed; and that he faced a maximum sentence of one year. *See id.* But none of these representations—and nothing else in the plea agreement or Rule 11 colloquy—demonstrates that defendant understood that he faced a mandatory minimum sentence. And in the absence of such evidence in the record, there is nothing to refute defendant's assertion that he would not have pled guilty had he been informed that he faced a mandatory minimum sentence.

For its part, the government—arguing that the Magistrate Judge's error was not harmless—states that it "has no reason to doubt the veracity of [defendant's and counsel's] representations [and that] there is nothing in the current record to refute these assertions." Gov't's Resp. to Def.'s Appeal 6 [72]. Indeed, the record shows that defendant promptly moved to withdraw his guilty plea upon the Magistrate Judge's determination that 2 U.S.C. § 192 carried a mandatory minimum sentence. *See* Unopp. Mot. to Withdraw Guilty Plea [37]. Common sense thus suggests that defendant would not have pled guilty had he understood that he faced a mandatory minimum sentence. In sum, the totality of the circumstances—namely, the representations of both parties and defendant's prompt attempt to withdraw his plea—demonstrates that the Magistrate Judge's Rule 11 error affected defendant's decision to plead guilty. The Court thus finds that the Magistrate Judge clearly erred in finding that her error was harmless. *See Robinson*, 587 F.3d at 1130 ("In order to establish that the court's error affected [a defendant's] substantial rights, [] he 'must show a reasonable probability that, but for the error, he would not have entered the plea.'") (quoting *Dominguez Benitez*, 542 U.S. at 83).

In moving to withdraw his guilty plea, defendant demonstrated, on the basis of the record, that the Magistrate Judge's Rule 11 error was not harmless. The Magistrate Judge therefore should have permitted him to withdraw his guilty plea. *See Ford*, 993 F.2d at 251

("Thus, when the defendant can show that the initial plea colloquy was not conducted in 'substantial compliance' with [Rule 11], the defendant should 'almost always' be permitted to withdraw his plea.") (quoting *Abreu*, 964 F.2d at 18). Accordingly, this Court finds that the Magistrate Judge abused her discretion in denying defendant's motion to withdraw his guilty plea.

## IV.  CONCLUSION

For the reasons discussed above, it is hereby

ORDERED that the Magistrate Judge's denial [47] of defendant's unopposed motion to withdraw his guilty plea is REVERSED; and it is furthermore

ORDERED that defendant's appeal of the Magistrate Judge's denial [54] of his motion to reconsider is MOOT.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on August 3, 2011.